■ STATE OF NEW YORK et al., Respondents, v LOUIS MORAN et al., Appellants.—Mikoll, J. Appeal from an order of the Supreme Court (Cobb, J.), entered February 8, 1989 in Columbia County, which, *inter alia,* granted plaintiffs' motion for a preliminary injunction.

Supreme Court granted plaintiffs' motion for a preliminary injunction restraining defendants from accepting or disposing of any construction and demolition debris or other waste or refuse on defendant Louis Moran's dump site pending final determination of the action. Defendants were also required to take other corrective measures. In appealing from the preliminary injunction, defendants contend that it was erroneously granted in that they were denied a hearing pursuant to CPLR 6313 before any order was issued and that they were improperly denied an administrative hearing pursuant to ECL 71-0301 following a purported notice of summary abatement.

The legal dispute arises from an attempt by Moran to fill in a 50-foot-deep ravine located on a 12-acre parcel owned by him in the Village of Philmont, Columbia County. Moran notified the State that he intended to operate the facility under 6 NYCRR former 306.1 (f) (1) (x), which exempts facilities from permit requirements if they operate for less than one year and accept only construction and demolition debris.* In April 1988, Moran and defendant Thomas Accardi, president of

---

* While this action was pending, 6 NYCRR 360.1 through 360.8 was repealed and new subparts 360-1 through 360-14 were filed on October 28, 1988, effective December 31, 1988 *(see,* 6 NYCRR part 360). Substantive revisions were made to the regulations, most notably the removal of the exemption for facilities operating for less than one year and accepting only construction and demolition debris *(see,* 6 NYCRR 360-1.7). Hence, there is no counterpart under the new regulations to the provision at issue here.

defendant New York Demolition, Inc., entered into an agreement whereby New York Demolition agreed to provide construction and demolition materials to fill in the ravine. New York Demolition subsequently began filling in the ravine on April 19, 1988. Defendant Sabrina Corporation is a licensed construction and demolition debris transfer station. Plaintiffs alleged that Sabrina was one of the operators of the dump site.

Mark Mateunas, an engineer for the Department of Environmental Conservation (hereinafter DEC), visited the site on April 21, 1988 and advised Moran of certain violations, including inadequate cover material, improper lift heights and that access to the site was not being controlled. There is considerable dispute as to whether these violations were corrected by Moran.

On October 21, 1988, Mateunas again visited the site and observed many of the same violations as noted previously. In addition, dust, odors and vectors were not being adequately controlled and nonapproved materials such as tires and plastics were observed. A "soapy" or "sulfuric" odor was detected as well. By letter dated November 9, 1988, DEC notified Moran that the site was not in compliance with DEC's regulations and warned Moran of the consequences of continued noncompliance.

This action for an injunction was commenced shortly thereafter against defendants by the service of a summons and complaint, order to show cause and a temporary restraining order on or about November 17, 1988. Plaintiffs then moved for a preliminary injunction and the motion was made returnable on December 6, 1988. The motion was granted on January 3, 1989.

Defendants contend that the violations alleged by plaintiffs did not occur, that the site was in compliance with DEC regulations and that the site was being operated under DEC's supervision and with its concurrence. Defendants further allege that Mateunas granted them permission to store the tires (which had been dumped into the ravine) on the property until the access road could be constructed.

Defendants also challenge the alleged violation of 6 NYCRR former 360.1 (f) (1) (x) which permits certain operations of a dump site for a period of one year. A violation of this regulation is based on Moran's admission that he accepted solid wastes in 1986, thus bringing him out of the one-year stricture. Defendants contend that Moran erroneously admitted to

accepting solid wastes in 1986 when he had in fact accepted blasted rock and soil from land-clearing operations. However, this distinction made by defendants is of no moment since rock and soil from land clearing are defined as construction and demolition debris in 6 NYCRR former 360.1 (d) (12).

In holding against defendants, Supreme Court found that defendants' answer was a conclusory denial as to some of the charges and failed to controvert others. We concur with Supreme Court's finding. In failing to rebut the violations demonstrated by plaintiffs, the grant of a preliminary injunction to plaintiffs was proper.

We reject defendants' contention that the preliminary injunction violated CPLR 6313 in that defendants were not accorded a hearing as required. The record discloses that defendants' counsel failed to appear on December 6, 1988, the date set by Supreme Court to hear the motion for a preliminary injunction. Having chosen not to appear, defendants may not belatedly claim denial of due process.

Defendants also urge that they are entitled to an administrative hearing under ECL 71-0301, which deals with the entitlement of plaintiff Commissioner of DEC to issue a summary abatement order without a hearing, provided the affected party is given "an opportunity to be heard and to present proof that [the activity complained of] does not violate the provisions of this section". Such a proceeding is the administrative counterpart of the injunctive relief sought in Supreme Court. Defendants contend that the November 9, 1988 letter from DEC constituted a summary abatement order. We disagree. The letter was merely a notification to Moran of the violations observed with a warning as to the consequences of continued noncompliance. In any event, DEC may choose the forum in which it will seek to enforce its statutes and regulations (see, ECL 71-2703 [1]).

We also deem the argument raised by defendants as to the "unclean hands" doctrine to be without merit. Defendants have failed to successfully invoke it (see, National Distillers & Chem. Corp. v Seyopp Corp., 17 NY2d 12, 15-16). Furthermore, defendants' constitutional attack on 6 NYCRR former 360.1 (d) (12) must also fail. Defendants have not met their burden of proof to sustain such a challenge (see, Matter of Montgomery Ward & Co. v New York State Dept. of Motor Vehicles, 90 AD2d 643, 644). We find that the regulation reasonably described what wastes constituted construction and demolition debris and, thus, was not void for vagueness.

Finally, we find Accardi's jurisdictional challenge unavailing. He was served pursuant to CPLR 308 (2) which brought him within Supreme Court's jurisdiction. By his participation in the action, he also waived any claim to lack of jurisdiction over his person.

Order affirmed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.