■ STATE OF NEW YORK et al., Appellants, v CSRI LIMITED PARTNERSHIP et al., Respondents. [734 NYS2d 626] —In an action, *inter alia,* for injunctive relief, the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Floyd, J.), entered October 19, 2000, which, upon an order of the same court, dated September 11, 2000, denying their motion for summary judgment and granting the defendants' cross motion for summary judgment dismissing the complaint as time-barred, is in favor of the defendants and against them dismissing the complaint.

Ordered that the judgment is modified, on the law, by deleting the provision thereof dismissing the complaint in its entirety and substituting therefor a provision dismissing the complaint to the extent that it is based on acts and/or omissions occurring more than three years before the commencement of the action; as so modified, the judgment is affirmed, with costs to the plaintiffs, those branches of the plaintiffs' motion which were for summary judgment are granted to the extent the complaint is based on acts and/or omissions which occurred within three years before the commencement of the action, and the motion is otherwise denied, those branches of the cross motion which are to dismiss the complaint to the extent it is based on acts and/or omissions which occurred more than three years before the commencement of the action are granted, and the cross motion is otherwise denied, the order dated September 11, 2000, is modified accordingly, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith, and for entry of an appropriate amended judgment.

The defendant CSRI Limited Partnership (hereinafter CSRI) owns property within the Central Pine Barrens Special Groundwater Protection Area of Long Island upon which it operates a shooting range. The defendant George Schmelzer is a current partner of CSRI and the former owner/operator of the shooting range, and the defendant Inge Schmelzer is a general and limited partner of CSRI. After investigations, the plaintiff New York State Department of Environmental Conservation (hereinafter DEC) concluded that large amounts of construction and demolition debris and some other solid waste, including discarded tires, had been placed upon the property. The construction and demolition debris was used to create or build up berms around the shooting areas. The State of New York and the DEC thereafter commenced this action alleging, *inter alia*, that the presence of such debris and waste upon the property rendered it a "solid waste management facility" and a "landfill" within the meaning of Environmental Conservation Law article 27 and the DEC's solid waste regulations (*see,* 6 NYCRR part 360) and that the facility/landfill was being owned and/or operated without a permit and in violation of the Environmental Conservation Law and DEC regulations. The plaintiffs sought, *inter alia*, injunctive relief compelling the defendants to close and remediate the site, and the imposition of civil penalties. After issue was joined, the plaintiffs moved for summary judgment and the defendants cross-moved to dismiss the complaint as time-barred. The Supreme Court denied the motion and granted the cross motion. We modify.

In light of the continuing nature of the violations, i.e., the continued presence of the debris and waste on the property, the Supreme Court erred in dismissing the complaint in its entirety as barred by the three-year Statute of Limitations (*see,* CPLR 214 [2]), even though debris and waste were last placed upon the property more than three years before the action was commenced (*see, Jensen v General Elec. Co.,* 82 NY2d 77, 85; *509 Sixth Ave. Corp. v New York City Tr. Auth.,* 15 NY2d 48, 52; *Sova v Glasier,* 192 AD2d 1069; *State of New York v Schenectady Chems.,* 103 AD2d 33). Rather, the complaint should have been dismissed only insofar as it concerned acts and/or omissions occurring more than three years before the action was commenced (*cf., Scheg v Agway, Inc.,* 229 AD2d 963; *State of New York v General Elec. Co.,* 199 AD2d 595; *State of New York v PVS Chems.,* 50 F Supp 2d 171; *United States v White,* 766 F Supp 873).

There is no genuine factual dispute that large amounts of construction and demolition debris and some other solid waste,

including discarded tires, remain on the subject property. In support of their motion for summary judgment, the plaintiffs made a prima facie demonstration that the presence of such debris and waste rendered the property a "solid waste management facility" and a "landfill" within the meaning of the relevant statutes and regulations, and that the facility/landfill was being owned and/or operated without a permit and in violation of those statutes and regulations (*see,* ECL 27-0701 [2]; 6 NYCRR 360-1.2 [b] [95], [158]; 360-1.14; subpart 360-2; *State of New York v Moran,* 161 AD2d 963; *Matter of A & M Bros. v Waller,* 150 AD2d 563). In opposition to this prima facie case, the defendants failed to raise a triable issue of fact. The former exemption in the regulations relied upon by the defendants as raising a triable issue of fact (*see,* 6 NYCRR former 360.1 [f] [l] [x]), is not applicable to the facts herein (*see,* 6 NYCRR former 360.8 [b] [1] [vii]; *cf., Puff v Jorling,* 188 AD2d 977). Thus, the plaintiffs demonstrated their entitlement to judgment as a matter of law on their four stated causes of action insofar as they concern acts and/or omissions which occurred within three years before the commencement of this action. However, on this record, it cannot be determined what remedy or remedies, if any, are appropriate. Thus, the matter must be remitted to the Supreme Court, Suffolk County, for further proceedings. Ritter, J. P., Friedmann, Feuerstein and Crane, JJ., concur.