■ EMP OF CADILLAC, LLC, Respondent, v ASSESSOR OF VILLAGE OF SPRING VALLEY et al., Appellants. [789 NYS2d 522]—

In an action for a judgment declaring that the plaintiff's property was overassessed for the tax assessment years 1999, 2000, and 2001, and that the plaintiff was entitled to tax refunds for those years, and directing the defendants to comply with RPTL 727 and reduce the subject assessments, the defendants appeal from an order of the Supreme Court, Rockland County (Rosato, J.), entered May 28, 2003, which granted the plaintiff's motion for summary judgment and directed them to reduce the assessed value of the subject property for the tax assessment years 1999, 2000, and 2001 from $750,000 to $560,000, and further directed them to refund the excess tax payments for those years to the plaintiff.

Ordered that the order is modified, on the law, by adding thereto a provision converting the action to a proceeding pursuant to CPLR article 78 in the nature of mandamus (*see* CPLR 103 [c]) and deeming the summons and complaint a notice of petition; as so modified, the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Rockland County, for further proceedings, including amendment of the caption and the entry of a judgment.

The plaintiff owns property located in the Village of Spring Valley, which it purchased from Cadillac Manor on March 29, 1999. When Cadillac Manor owned the subject property, it filed tax certiorari proceedings against the defendants for the tax assessment years 1995, 1997, and 1998. Cadillac Manor and the defendants subsequently agreed that the assessments would be reduced from $750,000 to $560,000 for the above-mentioned assessment years. The settlement was memorialized in a consent judgment dated June 15, 1999.

Despite the fact that the consent judgment required the defendants to correct the assessment roll to reflect its settle-

ment with Cadillac Manor for the years 1999 to 2001, the defendants assessed the plaintiff's property at the unreduced amount of $750,000 for those years. The plaintiff first became aware of the tax certiorari proceedings and subsequent settlement in April 2002, when Cadillac Manor's former attorney informed the plaintiff that the defendants failed to adjust the assessment roll to conform to the settlement as required by RPTL 727, and that the plaintiff was entitled to a refund for the overpayment of taxes for the tax assessment years 1999, 2000, and 2001.

By letter dated June 24, 2002, the plaintiff's attorney informed the defendants that they failed to comply with RPTL 727 requiring them to continue the reduced assessment for the three years following the consent reduction. In the letter, counsel requested that the assessments be reduced, and that appropriate refunds be issued, offering to resettle the original consent judgment to effectuate the reduction and refund. By letter dated July 25, 2002, the defendants informed the plaintiff that although they agreed that the assessments had not been reduced, they refused to issue a tax refund for the plaintiff's overpayment of taxes.

On September 3, 2002, the plaintiff commenced this action, inter alia, for a judgment declaring that the plaintiff's property was overassessed for the tax assessment years 1999, 2000, and 2001, that the plaintiff was entitled to tax refunds for those years, and directing the defendants to comply with RPTL 727 and reduce the subject assessments. In its answer, the defendant admitted the material allegations of the complaint, but asserted the defense that the action was time-barred.

The plaintiff moved for summary judgment and the defendant opposed, inter alia, on the ground that the action was time-barred.

The Supreme Court granted the plaintiff's motion for summary judgment and directed the defendants to reduce the assessed value of the subject property for the tax assessment years 1999, 2000, and 2001 from $750,000 to $560,000, and further directed them to refund the excess tax payments for those years to the plaintiff. The Supreme Court deemed the plaintiff's motion to be to enforce the consent judgment, reasoning that as such, the action was analogous to an action brought upon a contract or an agreement, and therefore, was timely commenced.

The Supreme Court should have determined that the plaintiff should have commenced a proceeding pursuant to CPLR article 78 in the nature of mandamus, since the defendant refused to

comply with the terms of the consent judgment (*see Austin v Board of Higher Educ. of City of N.Y.,* 5 NY2d 430, 442 [1959]). We remedy such procedural infirmity by converting this action for a declaratory judgment to a proceeding pursuant to CPLR article 78 in the nature of a mandamus to compel the defendant to comply with the consent judgment (*see* CPLR 103 [c]; *cf. Rodriguez v New York City Tr. Auth.,* 269 AD2d 600 [2000]; *Matter of Clear Channel Communications v Rosen,* 263 AD2d 663, 664 [1999]).

"Before commencing a proceeding in the nature of mandamus, it is necessary to make a demand and await a refusal. The [s]tatute of [l]imitations begins to run on the date of the refusal and expires four months thereafter" (*Matter of Agoado v Board of Educ. of City School Dist. of City of N.Y.,* 282 AD2d 602, 603 [2001]). The plaintiff learned of the consent judgment in April 2002. On June 24, 2002, it demanded that the defendants comply with the consent judgment by reducing the assessments and issuing the appropriate refunds.

By letter dated July 25, 2002, the defendants formally refused to comply with the consent judgment. Since the plaintiff commenced this proceeding on September 2, 2002, well before the limitations period expired on November 25, 2002, it was timely commenced.

The defendant's remaining contentions are without merit. Schmidt, J.P., Santucci, Crane and Skelos, JJ., concur.