■ New York State Psychiatric Association, Inc., et al., Appellants, v New York State Department of Health, Respondent. [898 NYS2d 153]—

In a hybrid action, inter alia, for a judgment declaring that those portions of sections 53 and 54 of part C of the New York State 2008 budget bill (L 2008, ch 58, part C, §§ 53, 54, adding L 2006, ch 109, part C, § 2 [e]) which provide that licensed psychiatrists are not entitled to be paid the full Medicare Part B coinsurance amount for services rendered between April 1, 2007, and April 11, 2008, to certain individuals who are eligible for both Medicaid and Medicare benefits and/or for claims processed between April 1, 2007, and April 11, 2008, are unconstitutional, and, in effect, proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the New York State Department of Health to pay to licensed psychiatrists the full Medicare Part B coinsurance amount for those individuals pursuant to the 2006 amendment to Social Services Law § 367-a (1) (d) (iii) for services rendered and/or for claims processed between April 1, 2007, and April 11, 2008, the plaintiffs/petitioners appeal from an amended order of the Supreme Court, Nassau County (Fein-

man, J.), dated March 23, 2009, which denied their motion for summary judgment on the causes of action for declaratory relief, and granted the cross motion of the defendant/respondent for summary judgment on those causes of action, and, in effect, denied the amended petition.

Ordered that on the Court's own motion, the notice of appeal from so much of the amended order as, in effect, denied the amended petition, is treated as an application for leave to appeal from that portion of the amended order, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the amended order is modified, on the law, (1) by deleting the provision thereof denying the motion for summary judgment on the causes of action for declaratory relief and substituting therefor a provision granting the motion to the extent of declaring that those portions of sections 53 and 54 of part C of the New York State 2008 budget bill which provide that licensed psychiatrists are not entitled to be paid the full Medicare Part B coinsurance amount for services rendered to certain individuals who are eligible for both Medicaid and Medicare benefits and/or for claims processed between August 12, 2007, and April 11, 2008, are unconstitutional and declaring that the New York State Department of Health must pay to licensed psychiatrists the full Medicare Part B coinsurance amount for those individuals for services rendered or claims processed between August 12, 2007, and April 11, 2008, and otherwise denying the motion, and (2) by deleting the provision thereof granting the cross motion for summary judgment and substituting therefor a provision granting the cross motion only to the extent that the services or claims at issue were rendered or processed prior to August 12, 2007, and otherwise denying the cross motion, and (3) by deleting the provision thereof, in effect, denying the amended petition and substituting therefor a provision granting the amended petition to the extent of directing the defendant/respondent to pay to licensed psychiatrists the full Medicare Part B coinsurance amount for those individuals pursuant to the 2006 amendment to Social Services Law § 367-a (1) (d) (iii) for services rendered or claims processed between August 12, 2007, and April 11, 2008, and otherwise denying the amended petition; as so modified, the amended order is affirmed, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that those portions of sections 53 and 54 of part C of the New York State 2008 budget bill which provide that licensed psychiatrists are not entitled to be paid the full Medicare Part B coinsurance amount for services rendered to certain individuals

who are eligible for both Medicaid and Medicare benefits and/or for claims processed between August 12, 2007, and April 11, 2008, are unconstitutional; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs/petitioners.

In 2006 Social Services Law § 367-a (1) (d) (iii) was amended by the State Legislature, effective April 1, 2006, to add licensed psychiatrists as medical professionals entitled to receive full Medicaid reimbursement of Medicare coinsurance amounts for services rendered to certain individuals who are eligible for both Medicaid and Medicare benefits. This amendment placed a cap on the amount of such additional payments during the period of time from April 1, 2006, through March 31, 2007, limiting those payments to "an aggregate amount not to exceed two million dollars" (L 2006, ch 109, part C, § 2, amending Social Services Law § 367-a [1] [d]).

Thereafter, the 2008 budget bill removed licensed psychiatrists from the list of service providers who are entitled to receive 100% reimbursement of the Medicare deductible and coinsurance fees pursuant to section 53 of part C of the 2008 budget bill. Section 54 of part C added subdivision (e) to section 2 of part C of chapter 109 of the Laws of 2006, specifically providing for retroactive effect, stating "[m]edical assistance payments shall not be made pursuant to the amendments made by section one of this act for services provided on and after April 1, 2007, by psychiatrists licensed under article 131 of the education law, or as coinsurance enhancements to payments made to such psychiatrists on and after April 1, 2007."

Here, the plaintiffs/petitioners proffered prima facie evidence that the Legislature included licensed psychiatrists among the list of service providers who were entitled to receive 100% reimbursement of the Medicare deductible and coinsurance fees for dual eligible individuals in section 1 of Social Services Law § 367-a. If the intent of Social Services Law § 367-a (1) (d) (iii) was to provide a one-time-only enhancement to licensed psychiatrists, as the defendant/respondent contends, there would have been no need to amend section 1 to include licensed psychiatrists as persons entitled to receive full Medicaid reimbursement of Medicare coinsurance amounts for services rendered to dual eligible individuals. The acceptance of that construction would not harmonize the 2006 change with the other amendment (L 2006, ch 109) limiting the aggregate reimbursement of licensed psychiatrists for a defined period enacted that year (see generally Matter of Westchester County Dept. of Social Servs. v Robert W.R., 25 AD3d 62 [2005]). Such

result would not be in conformity with the rules of statutory construction (*see* McKinney's Cons Laws of NY, Book 1, Statutes § 98).

Where, as here, the language of the 2006 statutory amendments are unambiguous, we should not avoid their plain meaning because of the legislative attempt to alter that statute retrospectively by the enactment of the 2008 amendment in the budget bill. As the Court of Appeals stated in *Matter of Roosevelt Raceway v Monaghan* (9 NY2d 293, 304 [1961], quoting *City of New York v Village of Lawrence*, 250 NY 429, 447 [1929]): "This principle is, of course, no less compelling because 'the other means of interpretation' urged is a later so-called clarifying statute. The Legislature has no power to declare, retroactively, that an existing statute shall receive a given construction when such a construction is contrary to that which the statute would ordinarily have received." Thus, the attempt of the legislature to subsequently modify the plain meaning of the 2006 amendment was unconstitutional as applied to the vested right of the plaintiffs/petitioners to reimbursement, although the prospective change implemented in 2008 was permissible (*see* US Const, 14th Amend, § 1).

Since the plaintiffs/petitioners demand in their amended complaint/petition 100% reimbursement based on their legal right, this action/proceeding, in effect, seeks mandamus to compel (*see Matter of Eidt v City of Long Beach*, 62 AD3d 793 [2009]). Hence, this action/proceeding had to be commenced within four months of a demand for compliance and subsequent refusal (*see* CPLR 217 [1]; *Matter of Zupa v Zoning Bd. of Appeals of Town of Southold*, 64 AD3d 723 [2009]; *EMP of Cadillac, LLC v Assessor of Vil. of Spring Val.*, 15 AD3d 336 [2005]). The timeliness of the demand is measured by the four-month limitation period in CPLR 217 (1) so that the demand for payment should have been made no more than four months after the right to make the demand arose (*see* CPLR 217 [1]; *Matter of Zupa v Zoning Bd. of Appeals of Town of Southold*, 64 AD3d 723 [2009]). The right of the plaintiffs/petitioners to 100% reimbursement, and hence their right to demand same, first arose on April 1, 2007, thereby requiring them to have made a demand by August 1, 2007. Here, the commencement of the action/proceeding on December 12, 2007, constituted the first demand (*see Matter of Mutschler v Board of Educ. of William Floyd Union Free School Dist.*, 177 AD2d 629 [1991]; *Community Bd. No. 3 v State of N.Y., Off. of Mental Retardation & Dev. Disabilities*, 76 AD2d 851 [1980]).

However, Social Services Law § 367-a (1) (d) (iii) imposed a

continuing duty on the defendant/respondent to provide 100% reimbursement of the Medicare deductible and coinsurance fees for services rendered to and claims processed for dual eligible individuals after March 31, 2007. The statute of limitations is not a defense to claims based on breaches of a continuing duty which occurred within the limitations period (*see Matter of DeCintio v Cohalan*, 18 AD3d 872 [2005]). Furthermore, the defense of laches should not be applied to any of the repeated violations occurring within the limitations period since each new violation gave rise to a corresponding new right to demand compliance with the statute (*see State of New York v CSRI Ltd. Partnership*, 289 AD2d 394 [2001]; *Selkirk v State of New York*, 249 AD2d 818 [1998]). Thus, the amended complaint/petition should have been dismissed only insofar as it concerned acts or omissions occurring more than four months before the action was commenced (*see State of New York v CSRI Ltd. Partnership*, 289 AD2d 394 [2001]).

The evidence of the defendant/respondent confirms that, despite the strongly-voiced objections of the defendant/respondent, the Legislature amended section 1 of the statute to add licensed psychiatrists to the list of providers entitled to receive 100% reimbursement of the Medicare deductible and coinsurance fees.

Accordingly, the plaintiffs/petitioners timely challenged the 2008 legislation (*see* CPLR 213 [1]; *American Ind. Paper Mills Supply Co., Inc. v County of Westchester*, 16 AD3d 443 [2005]), have property rights in reimbursement at a 100% rate after March 31, 2007 (*cf. Senape v Constantino*, 936 F2d 687, 690 [1991]), and shall be entitled to reimbursement for claims arising between August 12, 2007, and April 11, 2008. Covello, J.P., Angiolillo, Balkin and Sgroi, JJ., concur.