[968 NE2d 428, 945 NYS2d 191]

NEW YORK STATE PSYCHIATRIC ASSOCIATION, INC., et al., Respondents, v NEW YORK STATE DEPARTMENT OF HEALTH, Appellant.

Argued February 8, 2012; decided March 29, 2012

**POINTS OF COUNSEL**

*Eric T. Schneiderman, Attorney General,* New York City (*Simon Heller, Barbara D. Underwood* and *Richard Dearing* of counsel), for appellant. I. The 2006 amendments to Social Services Law § 367-a (1) (d) (iii) created only a one-year coinsurance enhancement program for psychiatrists, as the 2008 clarifying legislation confirmed. (*Matter of Sutka v Conners,* 73 NY2d

395; *Frank v Meadowlakes Dev. Corp.*, 6 NY3d 687; *People v Mitchell*, 15 NY3d 93; *Matter of Losurdo v Asbestos Free*, 1 NY3d 258; *Matter of Albano v Kirby*, 36 NY2d 526; *Matter of ATM One, LLC v New York State Div. of Hous. & Community Renewal*, 37 AD3d 714; *EFS Med. Supplies v Dowling*, 252 AD2d 99; *Matter of Scotsmen Press v State of N.Y. Tax Appeals Trib.*, 165 AD2d 630; *Miller v Youakim*, 440 US 125; *Matter of Chatlos v McGoldrick*, 302 NY 380.) II. Even if the 2008 legislation had changed rather than clarified prior law, the legislation would satisfy due process because it impairs no vested rights. (*Matter of Hodes v Axelrod*, 70 NY2d 364; *Alliance of Am. Insurers v Chu*, 77 NY2d 573; *Germania Sav. Bank v Village of Suspension Bridge*, 159 NY 362; *Matter of Kaye v Whalen*, 44 NY2d 754; *Colonial Penn Ins. Co. v Heckler*, 721 F2d 431; *Brown v Apfel*, 192 F3d 492; *Flemming v Nestor*, 363 US 603; *Matter of White Plains Nursing Home v Whalen*, 53 AD2d 926, 42 NY2d 838; *Canisius Coll. v United States*, 799 F2d 18.)

*Moritt Hock & Hamroff LLP*, Garden City (*Robert L. Schonfeld, Seth P. Stein* and *Robert M. Tils* of counsel), for respondents. I. As the 2006 amendment to Social Services Law § 367-a (1) (d) (iii) was unambiguous in placing psychiatrists on the 100% list for reimbursement, the New York State Department of Health's interpretation of the 2006 amendment is contrary to the traditional principles of statutory construction and should be rejected. (*Matter of Roosevelt Raceway v Monaghan*, 9 NY2d 293; *Matter of Russo v Valentine*, 294 NY 338; *H & H Reins. Brokers v Hermitage Ins. Co.*, 254 AD2d 328; *Lorillard Tobacco Co. v Roth*, 99 NY2d 316.) II. The 2008 amendment to Social Services Law § 367-a (1) (d) (iii) impermissibly destroys vested property rights and is unconstitutional. (*Matter of Roosevelt Raceway v Monaghan*, 9 NY2d 293; *Beverly Community Hosp. Assn. v Belshe*, 132 F3d 1259; *EFS Med. Supplies v Dowling*, 252 AD2d 99; *Matter of Honeoye Cent. School Dist. v Berle*, 72 AD2d 25, 51 NY2d 970; *Oberlander v Perales*, 740 F2d 116; *Matter of White Plains Nursing Home v Whalen*, 53 AD2d 926; *RR Vil. Assn., Inc. v Denver Sewer Corp.*, 826 F2d 1197; *Matter of Kaye v Whalen*, 44 NY2d 754; *Colonial Penn Ins. Co. v Heckler*, 721 F2d 431; *Brown v Apfel*, 192 F3d 492.)

## OPINION OF THE COURT

CIPARICK, J.

In this appeal, we are asked to consider whether the 2006 amendment to the Social Services Law found in a budget bill

implementing a coinsurance enhancement for the benefit of psychiatrists who treat patients eligible for both Medicare and Medicaid was intended to be permanent or whether the amendment was intended only to provide a limited one-year enhancement. We conclude that the Legislature only intended to provide for a one-time coinsurance enhancement, limited to the 2006-2007 fiscal year.

## I.

Plaintiff New York State Psychiatric Association, Inc. represents psychiatrists who treated patients eligible for both Medicare and Medicaid, referred to herein as dual eligibles, from April 2007 to April 2008. Defendant New York Department of Health (DOH) is responsible for administering Medicaid in New York and for implementing and enforcing Medicaid reimbursement rates. In New York State, claims for medical care for dual eligibles are first submitted to the Medicare Part B program and the balance, i.e., the deductible and the coinsurance amount is paid by Medicaid. Prior to 2003, Medicaid paid 100% of this balance amount to providers. In 2003, the New York State Legislature amended Social Services Law § 367-a (1) (d), curtailing the deductible and coinsurance payments for the majority of providers to 20%. A limited number of providers continued to be covered at 100%.[1] Psychiatrists, however, were not among them. (*See* L 2003, ch 63, part J1, § 1 [amending Social Services Law § 367-a (1) (d) (ii); adding *id.* § 367-a (1) (d) (iii)], 2003 McKinney's Session Laws of NY, at 576-577.)

In 2005, the Legislature amended section 367-a (1) (d) (iii) to include "a physician" on the list of itemized providers that would receive 100% reimbursement. Simultaneously, the Legislature enacted Laws of 2005, chapter 12, § 9, which set forth the methodology for the provision of the "2005 coinsurance enhancement." For the period between April 1, 2005 and June 30, 2005, the Legislature, "[n]otwithstanding any provision of law to the contrary," capped the coinsurance enhancement distribution to physicians at "an aggregate amount not to exceed five million dollars." (L 2005, ch 12, §§ 8, 9 [a], 2005 McKinney's Session Laws of NY, at 113-114.)

In 2006, the Legislature again amended section 367-a (1) (d) (iii) to include "a psychiatrist licensed under article one hundred

---

1. The provision covering limited categories of specifically designated services include services provided by ambulance carriers, psychologists and certain claims certified by DOH or other state agencies.

thirty-one of the education law" on the list of itemized providers that would receive 100% reimbursement. As in 2005, the Legislature, in the same bill, enacted Laws of 2006, chapter 109, part C, § 2, which set forth the methodology for the provision of the "2006-2007 coinsurance enhancement." For the period between April 1, 2006 and March 31, 2007, the Legislature, "[n]otwithstanding any provision of law to the contrary," capped the coinsurance enhancement distribution to psychiatrists at "an aggregate amount not to exceed two million dollars." (L 2006, ch 109, part C, §§ 1, 2 [a], 2006 McKinney's Session Laws of NY, at 477-478.)

From April 1, 2006 to March 31, 2007, DOH distributed the prescribed $2 million in available funds to all the eligible psychiatrists pursuant to the mechanisms set forth in Laws of 2006, chapter 109, part C, § 2.[2] After April 1, 2007, DOH resumed applying the 20% default rule.

In December 2007, plaintiffs New York State Psychiatric Association, Inc. and four individual psychiatrists who provided services for dual eligibles after March 31, 2007 commenced this hybrid declaratory judgment action/CPLR article 78 proceeding seeking a declaration that licensed psychiatrists were entitled to the full Medicaid reimbursement and seeking full payment of coinsurance amounts for services rendered after March 31, 2007, plus attorney's fees. Plaintiffs argued that the amendment of section 367-a (1) (d) (iii) provided for 100% reimbursement for psychiatrists beginning on April 1, 2007 and had set no termination date. While the lawsuit was pending, in April 2008, the Legislature once again amended section 367-a (1) (d) (iii), this time by removing the reference to psychiatrists altogether (L 2008, ch 58, part C, § 53, 2008 McKinney's Session Laws of NY, at 539). It included the following language:

> "Medical assistance payments shall not be made pursuant to the amendments made by section one of this act for services provided on and after April 1, 2007 by psychiatrists licensed under article 131 of the education law, or as co-insurance enhancements to payments made to such psychiatrists on and after April 1, 2007" (see L 2008, ch 58, part C, § 54

---

2. During this period, pursuant to the strictures of section 2, psychiatrists were reimbursed at a rate less than 100%.

[amending L 2006, ch 109, part C, § 2], 2008 McKinney's Session Laws of NY, at 540).[3]

Plaintiffs amended their complaint to challenge the 2008 legislation as improperly retroactive in violation of their due process rights. Plaintiffs then moved in Supreme Court for summary judgment and defendant cross-moved for summary judgment. Supreme Court granted the cross motion and dismissed the complaint, finding that the claim was time-barred (see New York State Psychiatric Assn. v New York State Dept. of Health, 23 Misc 3d 1106[A], 2009 NY Slip Op 50607[U] [Sup Ct, Nassau County 2009]) and that "plaintiffs lack a cognizable property interest in an enhanced coinsurance payment based on services provided by psychiatrists to Dual Eligibles, beginning on April 1, 2007" (2009 NY Slip Op 50607[U], *11). The Appellate Division modified finding some claims time-barred and holding that the amendment to the Social Services Law imposed a continuing duty on DOH to reimburse psychiatrists who performed services for dual eligibles at 100% after March 31, 2007 (see New York State Psychiatric Assn., Inc. v New York State Dept. of Health, 71 AD3d 852, 855-856 [2d Dept 2010]). The court further opined that the 2008 legislation was impermissibly retroactive and impaired the vested rights of plaintiffs to reimbursement (see id. at 855). The matter was remitted to Supreme Court to determine attorney's fees and to enter judgment declaring the 2008 legislation unconstitutional. Defendant DOH appeals as of right on constitutional question grounds from the final Supreme Court judgment to bring up for review the non-final Appellate Division order. We now reverse and grant judgment declaring that the 2006 amendment to the Social Services Law provided for a one-time coinsurance enhancement, limited to the 2006-2007 fiscal year.

## II.

To begin, we must determine the legislative intent surrounding the 2006 amendment to Social Services Law § 367-a (1) (d) (iii) and other provisions contained in the same act of a budget bill by looking at the actual words of the act. It is well settled that "[a] statute or legislative act is to be construed as a whole,

---

**3.** All these amendments—the 2003 amendment, the 2005 amendment, the 2006 amendment and the 2008 amendment—were contained in budget bills submitted by the Governor pursuant to article VII of the New York Constitution, designed to implement a state fiscal plan for the relevant fiscal year and defining revenue consequences therein.

and all parts of an act are to be read and construed together to determine the legislative intent" (McKinney's Cons Laws of NY, Book 1, Statutes § 97; *see also Frank v Meadowlakes Dev. Corp.*, 6 NY3d 687, 691 [2006]). Furthermore, "[e]ach section of a legislative act must be considered and applied in connection with every other section of the act, so that all will have their due, and conjoint effect" (McKinney's Cons Laws of NY, Book 1, Statutes § 98, Comment, at 221-222 n 23; *see also Matter of Kaplan v Peyser*, 273 NY 147 [1937]). To determine the intent of a statute, "inquiry must be made of the spirit and purpose of the legislation, which requires examination of the statutory context of the provision" (*Matter of Sutka v Conners*, 73 NY2d 395, 403 [1989]).

With this framework in place, plaintiffs argue that the 2006 amendment to section 367-a (1) (d) (iii) is clear and unambiguous on its face and that interpreting the amendment by its plain language requires reimbursement payments to psychiatrists at the rate of 100% after March 31, 2007. Defendant argues that the 2006 amendment created only a one-year coinsurance enhancement program for psychiatrists and that the legislative intent is clearly demonstrated by the plain language of the act as a whole. Plaintiffs further argue that, had the Legislature intended only for a one-year reimbursement enhancement for psychiatrists, there would have been no need to amend section 367-a (1) (d) (iii). Plaintiffs contend that the provision delineating how psychiatrists would receive the $2 million disbursement pursuant to Laws of 2006, chapter 109, part C, § 2 would have been sufficient standing alone and accordingly the 2006 amendment to section 367-a (1) (d) (iii) was intended to provide for a permanent benefit. While plaintiffs' proposed interpretation may have some merit, we disagree.

The 2006 amendment to Social Services Law § 367-a (1) (d) (iii), which added psychiatrists to the list of providers not subject to the 20% reimbursement rule for services provided to dual eligibles, was part of a 2006-2007 budget bill. The preamble of the bill provides: "This act enacts into law major components of legislation which are necessary to implement the state fiscal plan for the 2006-2007 state fiscal year" (L 2006, ch 109, § 1, 2006 McKinney's Session Laws of NY, at 476). Immediately following the amendment to section 367-a (1) (d) (iii), contained in section 1 of part C of the act, there is a provision, section 2 of part C, that regulates the calculation of the "2006-2007 coinsurance enhancement." Subdivision (a) of the section begins:

"Notwithstanding any provision of law to the contrary, medical assistance payments made in compliance with the amendments made by section one of this act shall be calculated in accordance with the methodology set forth in this section" (2006 McKinney's Session Laws of NY, at 477). Pursuant to that section—section 2 (a)—the enhancement, as directed by section 1, was "not to exceed two million dollars" and payments were to be made "during the period April 1, 2006 through March 31, 2007" (id. at 477, 478).

Reading the two provisions together, as we must, and applying the principles of statutory construction that an act is to be construed as a whole and that each section must be considered and applied in connection with every other section in the context of the 2006-2007 budget bill, it is clear that the intent of the Legislature was for the enhanced payments to psychiatrists to be temporary and only apply to the 2006-2007 fiscal year. Plaintiffs' reading would create fiscal consequences extending far into future years, while DOH's proposed construction is the better reading of the statute as it comports with the legislative purpose that prompted the enactment—a temporary, one-year, coinsurance enhancement program to benefit psychiatrists.

Furthermore, plaintiffs' argument that the amendment to section 367-a (1) (d) (iii) is clear and unambiguous on its face ignores the fact that the amendment is part of a budget bill and that the mechanism set forth in section 2 of the Laws of 2006, chapter 109, part C clearly refers to the amendment in section 1, indicating that the amendment is not to be read separately from the paragraph that follows. Moreover, the fact that one part of a bill may appear unambiguous read in isolation from the balance of a bill does not preclude us from further inquiring into the intent of the Legislature. We have stated:

> "There is, of course, no more persuasive evidence of the purpose of a statute than the words by which the legislature undertook to give expression to its wishes. Often these words are sufficient in and of themselves to determine the purpose of the legislation. In such cases we have followed their plain meaning. When that meaning has led to absurd or futile results, however, this Court has looked beyond the words to the purpose of the act. Frequently, however, even when the plain meaning did not produce absurd results but merely an unreasonable one plainly at variance with the policy of the legislation

as a whole this Court has followed that purpose, rather than the literal words" (*New York State Bankers Assn. v Albright*, 38 NY2d 430, 437 [1975] [internal quotation marks omitted], quoting *United States v American Trucking Assns., Inc.*, 310 US 534, 543 [1940]).

Finally, plaintiffs' argument that there was no need to amend section 367-a (1) (d) (iii) is unavailing. In 2005, in order to implement a similar "enhancement" for physicians, the Legislature amended section 367-a (1) (d) (iii) in precisely the same manner. In that same bill, the Legislature passed Laws of 2005, chapter 12, § 9, which was in most respects identical to Laws of 2006, chapter 109, part C, § 2. Like section 2, section 9 provided for a "2005 coinsurance enhancement" for physicians and set forth a mechanism to distribute monies "not to exceed five million dollars" (L 2005, ch 12, § 9 [a], 2005 McKinney's Session Laws of NY, at 113, 114).[4] The similarities between the 2005 amendment and the 2006 amendment clearly indicate that the Legislature intended a one-time benefit for physicians in 2005 and for psychiatrists in 2006-2007.

The subsequent 2008 amendment to Social Services Law § 367-a (1) (d) (iii) is not a substantive change in the law as argued by plaintiffs, but merely confirms the legislative intent of the 2006 amendment, resolving the dispute over the meaning of the amendment that had arisen. As such, since we are determining this appeal on statutory interpretation grounds, we need not address plaintiffs' constitutional arguments regarding the purported retroactive effects of the 2008 legislation.

Thus, we conclude that the placement of an amendment creating an enhancement program for psychiatrists in a budget bill and the inclusion of a methodology for its implementation immediately following clearly indicates that the Legislature intended for the coinsurance enhancement to be a one-time enhancement limited to the 2006-2007 fiscal year only.

Accordingly, the judgment appealed from and the order of the Appellate Division brought up for review should be reversed, with costs, and judgment granted to defendant declaring in accordance with this opinion.

---

4. The 2005 legislation included a sunset provision (L 2005, ch 12, § 14, 2005 McKinney's Session Laws of NY, at 118) that was not present here. However, that sunset provision in 2005 was arguably necessary because, unlike the 2006 enhancement for psychiatrists which was for the entire fiscal year, the enhancement for physicians was only for a three-month period.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Judgment appealed from and order of the Appellate Division brought up for review reversed, etc.