■ In the Matter of NEW YORK MEDICAL & DIAGNOSTIC CENTER, INC., Respondent, v NIRAV R. SHAH, M.D., M.P.H., as Commissioner of the New York State Department of Health, et al., Appellants. [984 NYS2d 383]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Health dated November 23, 2010, rejecting, as untimely, the petitioner's application for a refund of overpayments that the petitioner allegedly made to the New York State Department of Health between January 1, 1999, and November 30, 2001, the appeal is from an order of the Supreme Court, Queens County (Lane, J.), dated June 4, 2012, which, upon a decision of the same court dated March 5, 2012, in effect, granted the petition, annulled

the determination, and remitted the matter to the New York State Department of Health for a determination of the amounts owed to the petitioner, if any, in connection with the petitioner's application for a refund of overpayments it allegedly incurred between January 1, 1999, and November 30, 2001.

Ordered that on the Court's own motion, the notice of appeal from the order is deemed to be an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, with costs, and the petition is denied.

The New York Health Care Reform Act of 1996 (L 1996, ch 639) requires that designated providers of medical services pay a surcharge on payments made for services rendered in general hospitals and certain diagnostic and treatment centers to a public goods pool that was established by the Public Health Law (*see* Public Health Law § 2807-j [1], [1-a]). The New York State Department of Health (hereinafter the DOH) denied the petitioner's request for a full refund of the petitioner's alleged overpayment of certain payments that were required under Public Health Law § 2807-j, concluding that administrative claims for refunds under that provision were subject to a six-year limitations period. The petitioner commenced this proceeding pursuant to CPLR article 78, inter alia, to review the DOH's determination, contending that the DOH's interpretation of the statute was arbitrary and capricious and irrational. The petitioner further sought to compel the DOH to release all outstanding funds due and owing to the petitioner. The Supreme Court, inter alia, concluded that the DOH's determination that Public Health Law § 2807-j (8-a) (a) imposed a six-year statute of limitations on the petitioner's administrative request for a refund of overpayments was arbitrary and capricious and irrational. The Supreme Court thus annulled the DOH's determination, and remitted the matter to the DOH for a determination of the amounts owed to the petitioner, if any, in connection with the petitioner's application for a refund of overpayments that it had allegedly incurred between January 1, 1999, and November 30, 2001.

In interpreting a statute, a court should attempt to effectuate the intent of the Legislature (*see Matter of New York County Lawyers' Assn. v Bloomberg*, 19 NY3d 712, 721 [2012]; *Patrolmen's Benevolent Assn. of City of N.Y. v City of New York*, 41 NY2d 205, 208 [1976]). To that end, the court must first look to the statutory text (*see Matter of New York County Lawyers' Assn. v Bloomberg*, 19 NY3d at 721; *Majewski v Broadalbin-*

*Perth Cent. School Dist.*, 91 NY2d 577, 583 [1998]). Where the language of a statute is clear and unambiguous, the court must give effect to its plain meaning (*see Kramer v Phoenix Life Ins. Co.*, 15 NY3d 539, 550 [2010]; *Matter of Crucible Materials Corp. v New York Power Auth.*, 13 NY3d 223, 229 [2009]). Moreover, a statute must be construed as a whole, with all parts being read and construed together (*see New York State Psychiatric Assn., Inc. v New York State Dept. of Health*, 19 NY3d 17, 23-24 [2012]).

Here, the Supreme Court erred in concluding that the DOH's interpretation that Public Health Law § 2807-j (8-a) (a) imposed a six-year statute of limitations on the petitioner's request for a refund of overpayments was arbitrary and capricious and irrational.

Pursuant to Public Health Law § 2807-j, payments made to designated providers of services by all payors for patient services that are rendered to persons who are not Medicare eligible include a surcharge, representing an allowance for net patient-service revenues, and that allowance must be submitted by or on behalf of designated providers of services to the Commissioner of the DOH or the Commissioner's designee (*see* Public Health Law § 2807-j [1]). Payments made by or on behalf of designated providers of services in connection with those allowances must, with limited exceptions, be made on a monthly basis (*see* Public Health Law § 2807-j [5-a] [a]). Moreover, to accurately disclose the information required to implement Public Health Law § 2807-j, those designated providers of services must submit reports of net patient-service revenues received for or on account of patient services for each month (*see* Public Health Law § 2807-j [7] [a] [i]).

In certain circumstances, if a provider's payment to the DOH with respect to a month to which an allowance applies is less than the amount due, or which the Commissioner estimates is due, the Commissioner may collect the deficiency, plus interest and a penalty (*see* Public Health Law § 2807-j [6], [8] [a], [b]). Moreover, any overpayment made by or on behalf of a designated provider shall be applied to any other payment due, or, if no payment is due, shall be applied to future payments or refunded to the provider, and the overpayment shall be paid with interest only if the overpayment was made at the direction of the Commissioner (*see* Public Health Law § 2807-j [8] [c]).

The statutory text of Public Health Law § 2807-j (8-a) (a) provides that "[p]ayments and reports . . . shall be subject to audit by the commissioner for a period of six years following the close of the calendar year in which such payments and reports are due, after which such payments shall be deemed final and

not subject to further adjustment or reconciliation." Giving effect to the plain meaning of the text, that section of the statute provides that all payments are deemed final and not subject to further adjustment or reconciliation after the period of six years following the close of the calendar year in which they are due. Thus, the clear language of that section establishes that the determination of the DOH to apply a six-year limitations period to a provider's administrative application for a refund of an overpayment was not arbitrary and capricious or irrational.

Contrary to the Supreme Court's reasoning, the absence of any reference in Public Health Law § 2807-j (8) (c) to a limitations period specifically applicable to administrative requests for a refund of overpayments does not compel the conclusion that the six-year limitations period contained in Public Health Law § 2807-j (8-a) (a) is inapplicable to such requests.

Accordingly, the order must be reversed and the petition denied. Skelos, J.P., Dickerson, Leventhal and Hall, JJ., concur.