■ 319 McKIBBEN STREET CORP., Respondent, v GENERAL STAR NATIONAL INSURANCE COMPANY, Appellant, and AAA SPRINKLER CORP. et al., Respondents. (And a Third-Party Action.) JOSEF APPAREL, INC., et al., Second Third-Party Plaintiffs, v GENERAL STAR NATIONAL INSURANCE COMPANY, Second Third-Party Defendant-Appellant, and AAA SPRINKLER CORP. et al., Second Third-Party Defendants-Respondents. [664 NYS2d 785] —Order, Supreme Court, New York County (Walter Schackman, J.), entered August 13, 1996, which, to the extent appealed from, denied defendant-appellant's motion for summary judgment on its counterclaim and cross claim seeking a declaratory judgment that it had no liability under the policy issued to defendant-respondent AAA Sprinkler Corp. on the ground that AAA Sprinkler did not provide prompt notice of the occurrence as required under the policy, unanimously reversed, on the law, and the motion for a declaratory judgment in favor of defendant-appellant is granted.

The issue in this declaratory judgment action is the validity of a disclaimer of coverage by an excess insurer on the ground of untimely notice. Defendant General Star National Insurance Company (General Star) issued a liability insurance policy to defendant AAA Sprinkler Corp. (AAA Sprinkler), a sprinkler maintenance company, insuring it against liability on an excess basis in the sum of $9,000,000 per occurrence and in the aggregate over the $1,000,000 policy issued by the primary insurer, New York Marine and General Insurance Company (New York Marine). The General Star policy covered losses occurring between August 8, 1990 and August 8, 1991. The policy's notice provision required that in the event of an occurrence which "without regard to legal liability, appears likely to involve this Policy," the insured was required to provide written notice of the particulars of the occurrence to the insurer or its agents "as soon as practicable." The insured was also required to forward any summons or other process to the insurer regarding any claim or suit brought against it that was likely to involve the policy.

On Friday, January 11, 1991, a fire erupted in the boiler room at 319 McKibben Street. The fire was extinguished, but the excessive heat apparently caused a sprinkler head to fuse so that the water continued to flow. AAA Sprinkler was called in to shut down and drain the sprinkler system to prevent the pipes from freezing while the heat was off over the weekend. The Fire Department was not advised that the sprinkler system would be inoperable over the weekend.

On Monday, January 14th, the boiler was repaired and heat

was restored, but the sprinklers remained inoperable. At approximately 1:00 A.M. on January 15th, a second fire occurred at 319 McKibben Street, which damaged that premises and an adjoining building. A claim for the resulting damage was asserted by plaintiff 319 McKibben Street Corp. (McKibben), the owner of the building, against AAA Sprinkler, based on the latter's maintenance work on the sprinkler system. AAA Sprinkler sent written notice of the possibility of a claim to The Schaefer Agency, Inc. (Schaefer), which served as AAA Sprinkler's insurance broker in obtaining both the primary and excess insurance coverage. Schaefer, in turn, notified the primary insurer, New York Marine, of the potential claim, but neither AAA Sprinkler nor Schaefer notified General Star, the excess insurer. General Star did not learn of the fire until May 6, 1994, 3½ years after it occurred, when it received a memorandum from Tri-City Insurance Brokers, Inc. (Tri-City), an intermediary broker used by AAA Sprinkler. By letter dated May 17, 1994, General Star denied liability and disclaimed coverage for all claims arising out of the occurrence based on AAA Sprinkler's failure to provide prompt notice of the occurrence as required by the policy.

Plaintiff McKibben commenced this action against AAA Sprinkler, General Star, numerous tenants of 319 McKibben Street and the adjacent premises, and their subrogated insurers, seeking a judgment declaring that General Star's coverage disclaimer and denial of liability to AAA Sprinkler is ineffective as to it, and that General Star is liable to it under that policy. In its answer, General Star interposed a counterclaim against McKibben, and a cross claim against the codefendants, seeking a declaratory judgment that its disclaimer is effective not only to AAA Sprinkler, but also to McKibben and the codefendants. AAA Sprinkler also cross-claimed against General Star for a declaration that the disclaimer of coverage is ineffective as to it.

General Star moved, *inter alia*,[1] for a declaratory judgment pursuant to CPLR 3001 and 3212 that it has no liability under the policies because AAA Sprinkler failed to give prompt notice of the occurrence as required by the policy. In opposition, it

---

1. General Star also moved for summary judgment dismissing (1) McKibben's complaint; (2) the cross claims of two codefendants; and (3) a third-party complaint, which all sought a declaration that General Star's coverage disclaimer was invalid, on the ground that these actions could not be maintained until the parties asserting those claims first obtained a judgment against AAA Sprinkler. The IAS Court's granting of this branch of General Star's motion (*see, Mount Vernon Fire Ins. Co. v NIBA Constr.*, 195 AD2d 425; Insurance Law § 3420 [b]) is not challenged on appeal.

was argued that General Star failed to prove actual prejudice from the purported untimely notice, and that triable issues of fact existed as to when AAA Sprinkler learned of the occurrence and whether notice was given "as soon as practicable."

The IAS Court held that a triable issue of fact existed as to whether General Star had been prejudiced by the "extensive" 3½ year delay in providing notice. The court also denied General Star's motion for summary judgment finding that disputed issues of fact existed as to when AAA Sprinkler became aware that the excess policy would be triggered and whether it had a good faith belief in its non-liability before giving General Star notice.

Subsequent to the IAS Court's decision, the Court of Appeals ruled, in *American Home Assur. Co. v International Ins. Co.* (90 NY2d 433), that an excess insurance carrier did not have to prove that it was prejudiced by a policyholder's failure to provide timely notice before it could assert that defense. Accordingly, the presence or absence of prejudice due to AAA Sprinkler's late notice is no longer relevant to the determination of this appeal.

General Star contends that the IAS Court erred in denying its motion for summary judgment on its counterclaim and cross claim, since the record establishes that notice was untimely as a matter of law, and that AAA Sprinkler did not have a good faith belief in its non-liability. We agree. The record shows that as early as September 1992, AAA Sprinkler and its agents must have known that the claims submitted in connection with the fire at 319 McKibben Street were "likely" to involve the General Star excess policy. Reports from New York Marine's claim service, York Claims Services, Inc. (York), were regularly submitted to New York Marine and copies were mailed to AAA Sprinkler. The September 17, 1992 York report describes a lawsuit by McKibben seeking damages of $5 million, and states that "the appropriate excess letter has been forwarded to [AAA Sprinkler] in response to a review of this lawsuit."

Additionally, there is a letter in the record dated August 2, 1993 from AAA Sprinkler's counsel to New York Marine's underwriting manager, which acknowledges that 10 lawsuits had been filed against AAA Sprinkler in connection with the McKibben Street fire, having combined damages requests of $25.7 million. AAA Sprinkler's counsel also states in the letter that AAA Sprinkler is the "target company" because of its $1 million primary policy and $9 million in excess coverage, and that it has a "substantial hurdle" to overcome with respect to liability, to wit, its failure to notify the Fire Department of the

non-operational sprinkler system. This evidence establishes that AAA Sprinkler was well aware that its primary policy would likely be exhausted, and that General Star's excess policy would be triggered, in August 1993, at the latest. Since notice was not provided until May 1994, we conclude, as a matter of law, that notice was not given "as soon as practicable" as required by the policy.

The above evidence is also relevant to the argument that AAA Sprinkler's late notice may be excused because it had a good faith belief in its non-liability prior to notifying General Star of the occurrence (*see generally, Security Mut. Ins. Co. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 441). While the issue of whether an insured possessed a reasonable, good faith belief as to its non-liability is ordinarily a question of fact (*Argentina v Otsego Mut. Fire Ins. Co.*, 86 NY2d 748, 750), in the absence of an excuse or mitigating factors, the issue is one for the court (*see, Ogden Corp. v Travelers Indem. Co.*, 739 F Supp 796 [SD NY 1989], *affd* 924 F2d 39; *Olin Corp. v Insurance Co.*, 743 F Supp 1044, 1053 [SD NY 1990], *affd* 929 F2d 62 [2d Cir 1991]).

Overwhelming evidence existed that AAA Sprinkler's belief that it was not liable was unreasonable as a matter of law. Initially, that AAA Sprinkler caused its agent to immediately notify the primary carrier undermines its alleged belief that it was not liable. Further, the number and size of the claims asserted against AAA Sprinkler, as evidenced by the claims service reports regularly mailed to it, make it virtually impossible that AAA Sprinkler was unaware of the potential liability it faced as a result of this occurrence. Lastly, its counsel's acknowledgement of its potential liability confirms that any belief by AAA Sprinkler that it was not liable was manifestly unreasonable. The evidence to the contrary, consisting solely of references in York's reports that AAA Sprinkler's liability was "highly questionable," and assertions that other defendants may have been responsible for the damages incurred, is paltry in comparison. Moreover, we note that the General Star policy required that notice be given when it became likely that the excess policy would be involved "without regard to legal liability." Thus, the policy itself made clear that notice must be given even though questions over its liability might remain.

Accordingly, General Star's motion for summary judgment on its counterclaim and cross claim, seeking a declaration that it has no liability under the policy issued to AAA Sprinkler, on

the ground of untimely notice, should have been granted.[2] Concur—Milonas, J. P., Rubin, Mazzarelli and Andrias, JJ.

---

2. The claim that timely notice was given to General Star's agent, Tri-City, is rejected, since it is supported by only unsubstantiated assertions, made without personal knowledge of the facts, that Tri-City is an agent of General Star. General Star categorically denies an agency relationship with Tri-City.