■ UNITED STATES FIRE INSURANCE COMPANY, Appellant, v AMERICAN HOME ASSURANCE COMPANY, Respondent. [796 NYS2d 603]—

Order, Supreme Court, New York County (Leland DeGrasse, J.), entered on or about May 24, 2004, which, to the extent appealed from, granted defendant's motion to dismiss the complaint for failure to state a cause of action, unanimously modified, on the law, the first cause of action, for declaratory relief, reinstated, and otherwise affirmed, without costs.

Giving the complaint a liberal construction and every favorable inference (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), and accepting that the question under CPLR 3211 (a) (7) is not whether plaintiff has clearly stated a cause of action but whether it has one in the first place (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]), plaintiff has sufficiently alleged a cause of action for a declaratory judgment as to contribution from a coinsurer (*see National Union Fire Ins. Co. of Pittsburgh, Pa. v Hartford Ins. Co. of Midwest*, 248 AD2d 78, 85 [1998], *affd*

93 NY2d 983 [1999]). Plaintiff has alleged that it paid the loss incurred by its insured, that defendant is a coinsurer obligated to pay a pro rata share, and that defendant has failed and refused to paid the amount it owes. Defendant has not established as a matter of law, through documentary evidence or otherwise, that its policy with the insured did not cover the underlying claims.

However, the court properly dismissed plaintiff's claims for breach of contract, estoppel and quantum meruit. The breach of contract claim is merely a restatement of its declaratory judgment claim. Plaintiff was not in privity with defendant and its insured in the insurance policy, so plaintiff's proper remedy is to seek declaratory judgment for contribution. With regard to the estoppel claim, plaintiff was required to provide a defense and indemnification to its insured, regardless of any agreement between the insuring parties, and thus it cannot assert any detrimental reliance on that alleged agreement (*see Matter of Mendez v Reynolds*, 248 AD2d 62, 65-66 [1998]). To the extent plaintiff asserts that defendant is estopped from denying coverage to its insured because it undertook a defense, the documentary evidence conclusively establishes that defendant undertook such defense with a reservation of rights (*see American Guar. & Liab. Ins. Co. v CNA Reins. Co.*, 16 AD3d 154 [2005]). Finally, with regard to quantum meruit, plaintiff provided a service to its own insured, not to defendant, so this cause of action cannot stand (*see Prestige Caterers v Kaufman*, 290 AD2d 295 [2002]). Concur—Buckley, P.J., Mazzarelli, Friedman, Marlow and Ellerin, JJ.