■ IRA BLUTREICH et al., Respondents, v AMALGAMATED DWELLINGS, INC., Appellant. [847 NYS2d 557]—

Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered September 8, 2006, which, insofar as appealed from as limited by the briefs, granted plaintiffs' motion for removal of a summary holdover proceeding pending in the Civil Court and consolidated it with the instant declaratory ac-

tion, unanimously reversed, on the law, without costs, plaintiff's motion denied and defendant's cross motion granted to the extent that the stay is vacated.

On January 5, 2006, defendant's board of directors voted to terminate the Blutreichs' proprietary lease, and thereafter served a notice of termination on them. It then commenced a holdover proceeding in Civil Court. In response, the Blutreichs commenced the underlying Supreme Court declaratory judgment action, and moved for removal and consolidation, obtaining a TRO staying the holdover proceeding and any other acts to remove them. Defendant cross-moved to vacate the stay, and to have the Supreme Court action randomly reassigned.

The motion court's grant of the motion and denial of the cross motion, to the extent defendant sought to vacate the stay, constituted an improvident exercise of its discretion.

The claims asserted by the Blutreichs in the Supreme Court action are essentially founded upon the assertion that the termination of their lease was in bad faith and not in accordance with the cooperative corporation's governing documents. These contentions may be interposed as defenses in the context of the holdover proceeding, and therefore Civil Court is the preferred forum for this dispute (*see Spain v 325 W. 83rd Owners Corp.*, 302 AD2d 587 [2003]).

The Blutreichs' allegation, which the motion court accepted as fact, that the current holdover proceeding was commenced in retaliation for the Blutreichs' prevailing in their opposition to Amalgamated's prior action, does not warrant consolidation here. If the Blutreichs prevail in the holdover proceeding, they will still be entitled to seek any additional relief to which that determination entitles them, possibly including the permanent injunction and award of money damages they include in their prayer for relief. However, the results of the prior litigation do not in themselves support the motion court's assessment of defendant's motivation for the present holdover proceeding so as to justify the removal of the holdover proceeding to Supreme Court. Concur—Saxe, J.P., Friedman, Sweeny, McGuire and Malone, JJ.