■ THE PEOPLE OF THE STATE OF NEW YORK by ELIOT SPITZER, As Attorney General of the State of New York, Respondent, v PARK AVENUE PLASTIC SURGERY, P.C., Respondent, and DAVID HAIM OSTAD, Appellant. [852 NYS2d 111]—

Amended order and judgment (one paper), Supreme Court, New York County (Nicholas Figueroa, J.), entered November 17, 2006, which granted the petition to permanently enjoin respondents from engaging in the practice of medicine, disposing of any funds or assets until satisfaction of all financial obligations, engaging in any other business without posting a $200,000 bond, and destroying any records of said practice, and ordered restitution in the amount of $56,187.50 and payment of $4,500 in civil penalties, unanimously affirmed, without costs.

Respondents were involved in the delivery of fraudulent and deceptive medical services. Ostad argues, pro se, that the court declined to consider his posthearing submissions. The fact remains, however, that his own responses to petitioner's detailed charges, which were supported by sworn statements, consisted merely of conclusory self-serving denials and, in one instance, the invocation of his right against self-incrimination under the Fifth Amendment. Summary determination in petitioner's favor was warranted (see CPLR 409 [b]). Even though the court invited any additional information prior to the issuance of a ruling, it made clear that it would not entertain postargument, ex parte communications, which instruction Ostad repeatedly ignored.

Ostad now argues that the court's determination must be set aside because the corporate respondents were not represented by counsel. However, both corporate entities are wholly owned by him, and he did not avail himself of the opportunity to retain counsel for them. Since a corporation is required, under most circumstances, to appear by counsel (CPLR 321 [a]), he lacks standing to raise any arguments on behalf of these entities (see Hilton Apothecary v State of New York, 89 NY2d 1024 [1997]).

We have considered Ostad's remaining arguments and find them unavailing. Concur—Lippman, P.J., Friedman, Williams and Acosta, JJ.