In the Matter of EDWIN CAMACHO, Respondent, v RAY KELLY, as Commissioner of the New York Police Department, et al., Appellants. [870 NYS2d 243]—

Petitioner in this CPLR article 78 proceeding seeks the return of property taken from him upon his arrest. The property, some of which was returned to his designated representative, was vouchered under numbers M792726, M792727 and M792728. Even though petitioner failed to follow precisely the Police Department's procedural rules on return of items from the property clerk (38 RCNY 12-35), respondents had sufficient notice that he was seeking the return of all his property, and thus his petition was not rendered moot by the return of the property listed only on voucher No. M792726.

The pro se petitioner never explicitly referred to voucher No. M792727 in his correspondence, and never provided a release for the property seized under that voucher, but he did repeatedly inform respondents that he sought the return of "all my property that you're in possession of." His letter to the Commissioner requested the return of his personal property taken from him and vouchered under "Property Clerk Invoice # M792726, etc." Two of the items he identified in that letter— gold shields that represented his basic life support instructor and fire and safety credentials—were not listed in voucher No. M792726 but were included in No. M792727.

Voucher No. M792726 bore a notation that there were additional invoices related to this case, namely, M792727 and M792728, thus putting respondents on notice that petitioner's demand included more than just the property listed on M792726. On appeal, petitioner states that at the time of his requests, he was unaware that his property was not all listed on a single voucher, and he never received a copy of the vouchers, which itself would be a violation of 38 RCNY 12-32 (d).

Petitioner's failure to provide a district attorney's release for the items in voucher No. M792727 does not bar his claim, since no criminal proceeding related to the property is still pending (see Matter of DeBellis v Property Clerk of City of N.Y., 79 NY2d 49, 58 [1992]). Procedural barriers erected in the path of such claimants "ought to be justified by some countervailing State interest and strictly applied only where that interest is implicated" (id. at 57).

The court did err, however, in granting the petition. The court should have permitted respondents to answer the petition, and no disposition on the petition should have been granted until after such time (CPLR 7804 [f]; Matter of Nassau BOCES Cent.

*Council of Teachers v Board of Coop. Educ. Servs. of Nassau County*, 63 NY2d 100 [1984]). While respondents put much of their substantive defense into their cross motion, and the court's decision focused on the fact that the items sought were neither contraband nor evidence in any pending investigation, hearing or trial, the court was unable, on this record, to determine whether these items were instrumentalities of a crime or whether the property clerk had good reason to refuse their return (*see* 38 RCNY 12-36). Concur—Friedman, J.P., McGuire, Acosta, DeGrasse and Freedman, JJ.