■ In the Matter of HOTEL 71 MEZZ LENDER, LLC, Respondent, v ALBERT ROSENBLATT, Respondent, and GUY T. MITCHELL et al., Intervenors-Appellants. [883 NYS2d 30]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered February 11, 2009, which, inter alia, granted petitioner judgment creditor's application to compel respondent former receiver to turn over $1.335 million in partial satisfaction of the judgment, unanimously affirmed, with costs.

On June 30, 2008, intervenor-respondent Guy T. Mitchell, having been held liable in an action to enforce a guaranty of payment for a judgment of $52,404,066.54 (*see Hotel 71 Mezz Lender LLC v Mitchell*, 63 AD3d 447 [2009]), made a wire transfer in the amount of $1.335 million from a Florida bank account held solely in his own name to a New York account maintained by the receiver in the guaranty action, who then held the funds while awaiting instructions from the court. Six months later, before any disbursal of the $1.335 million was made, this Court, among other things, modified the April 7, 2008 order and supplemental order of Supreme Court (the receivership order) granting the petitioner judgment creditor's motion for the appointment of a receiver so as to deny the motion and vacate the appointment of the receiver (*Hotel 71 Mezz Lender LLC v Falor*, 58 AD3d 270 [2008]). Two days after we vacated the attachment order and receivership, petitioner levied upon the $1.335 million being held by the receiver and commenced this special proceeding pursuant to CPLR 5225 (b), naming the receiver as respondent and seeking turnover of the funds in partial satisfaction of the outstanding $52,404,066.54 judgment. Intervenors-respondents contend that, pursuant to our decision in *Falor*, the former receiver is obligated to return the $1.335 million to Mitchell's personal account. We disagree.

Respondent received the $1.335 million at issue pursuant to the authority of the receivership order. Although this Court, by order dated April 24, 2008, granted a stay preventing respondent from selling or otherwise disposing of assets without prior leave of this Court, the receivership order was not otherwise stayed. Our subsequent decision vacating the receivership order did not purport to deprive respondent retroactively of the authority conferred by the order.

The $1.335 million did not have its source in a foreign entity but rather belonged to Mitchell in his personal capacity, as demonstrated both by the wire transfer authorization form contained in the record and Mitchell's concession before Supreme Court that he executed a promissory note in favor of an offshore trust account from which the funds were drawn before being transferred to the receiver. There is no evidence in the record to support intervenors-respondents' contention that the funds were drawn from an account held by any other individual or entity.

CPLR 5225 (b) permits a special proceeding to be brought against, and recovery to be had from, "a transferee of money or other personal property from the judgment debtor, where it is shown that the judgment debtor is entitled to the possession of such property or that the judgment creditor's rights to the property are superior to those of the transferee." We conclude that respondent was a transferee in possession of money in which petitioner, the judgment creditor, unquestionably had a superior interest.

As no triable issues of fact were raised, Supreme Court correctly made a summary determination on the pleadings and papers submitted by the parties (*see* CPLR 409 [b]).

We have considered intervenors-respondents' remaining contention and find it unavailing.

Motion seeking to dismiss appeal granted. Concur—Andrias, J.P., Sweeny, McGuire, Acosta and Richter, JJ.