■ 320 WEST 13TH STREET, LLC, Respondent, v WOLF SHEVACK, INC., et al., Defendants, and MARY WOLF et al., Appellants. [926 NYS2d 77]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered November 30, 2010, which, insofar as appealed from, denied defendants-appellants' motions to dismiss the complaint, unanimously modified, on the law, to dismiss the fifth cause of action brought under CPLR 5225 (b), and otherwise affirmed, without costs.

Plaintiff alleges that defendant Lawrence Wolf fraudulently transferred assets from plaintiff's judgment debtors to defendant family members and defendant corporations, which were allegedly under the exclusive control of Wolf and defendant Jay Wolf. The record supports Supreme Court's finding that the complaint states facts sufficient to support the causes of action brought pursuant to Debtor and Creditor Law §§ 273-a, 273 and 278. Given the allegations that those transfers rendered the judgment debtors insolvent and were undertaken with the intent to hinder plaintiff's rights as a judgment creditor, the causes of action brought pursuant to Debtor and Creditor Law §§ 274 and 276 were also properly stated against all defendants.

The order is modified to the extent indicated because although CPLR 5225 (b) authorizes a judgment creditor to commence a special proceeding directly against a third party that receives money or property belonging to a judgment debtor without requiring the creditor to commence a plenary action (*see* CPLR 5225 [b]; *Matter of Hotel 71 Mezz Lender, LLC v Rosenblatt*, 64

AD3d 431, 432 [2009]), it does not create an independent cause of action in favor of a judgment creditor within the context of a fraudulent conveyance action.

We have considered appellants' remaining contentions and find them unavailing. Concur—Tom, J.P., Friedman, Acosta, Renwick and DeGrasse, JJ.