■ The Big Four LLC, Appellant-Respondent, v The Bond Street Lofts Condominium, Respondent-Appellant. [941 NYS2d 567]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered January 31, 2011, which granted defendant's cross motion insofar as it sought summary judgment dismissing the complaint, denied the cross motion insofar as it sought summary judgment on the counterclaim seeking costs and legal fees, and denied plaintiff's motion to strike defendant's pleadings, or, in the alternative, to compel discovery, unanimously modified, on the law, to the extent of granting summary judgment dismissing the counterclaim for costs and legal fees, and otherwise affirmed, with costs.

This dispute arose when plaintiff, the owner of a commercial space, attempted to rent its unit to nonparty 7-Eleven. When plaintiff wrote to defendant condominium association about its intention, defendant responded with a written objection to a 7-Eleven store in its building, on the ground that the proposed use of the unit included on-premises cooking in violation of the condominium bylaws. Nevertheless, plaintiff signed a 10-year lease with 7-Eleven. The lease, however, provided 60 days for plaintiff to obtain defendant's consent for 7-Eleven to use the commercial unit for its intended purpose. 7-Eleven had the right to terminate the lease within the 60-day period, which it did when defendant ignored plaintiff's repeated requests for written consent to have 7-Eleven use the commercial unit for its intended purpose.

Plaintiff then commenced this action against defendant condominium association. The first cause of action seeks a declaration that plaintiff is not prohibited by the condo documents from leasing the unit to 7-Eleven, or that the business which 7-Eleven intends to conduct is permissible and consistent with the documents. The second cause of action, sounding in breach of contract (i.e., breach of the Board's duties under the condominium's declaration and bylaws) alleges that the condo breached its obligations to plaintiff by: (1) "acting in bad faith and beyond the scope of its authority," by objecting to 7-Eleven's lease purportedly based on the no-cooking rule, "when the Board's true motive for rejecting such tenancy has always been that such tenancy would allegedly constitute a security, health and vagrancy threat . . . about which [the condo governing] documents are silent;" and (2) not providing timely notice of its objections to the proposed lease, and not providing plaintiff "in good faith the opportunity to resolve such objections fairly, amicably, and with minimal expense." In its verified answer, defendant denied the complaint's material allegations, and asserted a counterclaim for recovery of its costs and legal fees pursuant to the condominium's declaration and bylaws.

In August 2010, plaintiff moved for an order, pursuant to CPLR 3126 (3), striking defendant's pleading, or, alternatively, to compel production of requested information under CPLR 3124. By notice of cross motion, defendant moved for summary judgment dismissing the complaint, and for summary judgment on its counterclaim for legal fees. The court granted defendant's cross motion for summary judgment, dismissing the declaratory judgment claim on the ground that "no justiciable controversy has been presented." It dismissed the breach of contract claim on the ground that plaintiff asked for an "advisory opinion" from the board, and the board provided such opinion. The court also initially granted summary judgment to defendant on its counterclaim for legal fees, but later denied it when plaintiff moved for reargument. This appeal followed.

Supreme Court's dismissal of the first cause of action on the ground that a declaratory judgment would be merely "advisory" was an improvident exercise of its discretion. "[W]hen a party contemplates taking certain action a genuine dispute may arise before any breach or violation has occurred" (*New York Pub. Interest Research Group v Carey*, 42 NY2d 527, 530 [1977]). Defense counsel's November 23, 2009 letter and defendant's subsequent expression of its intent, constituted "past conduct" creating a genuine dispute for which a declaration would have had an "immediate and practical effect of influencing [the par-

ties'] conduct" (*id.* at 531; *see M&A Oasis v MTM Assoc.*, 307 AD2d 872 [2003]).

We, however, affirm the dismissal of the complaint's first cause of action for a declaratory judgment as to whether plaintiff may lease to nonparty 7-Eleven, on the ground that plaintiff conceded below that 7-Eleven is no longer interested in such a lease. Accordingly, the dispute is moot, and there is no longer a "justiciable controversy" within the meaning of CPLR 3001 (*see Matter of Ideal Mut. Ins. Co.*, 174 AD2d 420 [1991]). Furthermore, there is no basis to find that the exception for cases where the issue presented "is likely to recur, typically evades review and raises a substantial and novel question" is applicable (*Zuckerman v Goldstein*, 78 AD3d 412 [2010], *lv denied* 17 NY3d 779 [2011]).

Similarly, the second cause of action—asserting a bad faith breach of contract by defendant—was properly dismissed. The defendant condominium established its prima facie entitlement to judgment as a matter of law by demonstrating that the actions it took by objecting to the proposed intended use of the commercial space by 7-Eleven were "taken in good faith and in the exercise of honest judgment in the lawful and legitimate furtherance of corporate purposes" (*Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530, 537-538 [1990] [internal quotation marks omitted]). Aside from some conclusory, unsupported and self-serving conjecture, plaintiff has failed to raise any triable issues regarding defendant's alleged bad faith in objecting to 7-Eleven's use of the commercial space.

On the contrary, defendant condominium has established that its decision bears a "legitimate relationship to the welfare of the [condominium]" (*Levandusky*, 75 NY2d at 540). Heating hot dogs, sausages and other food products were among the uses of the premises set forth under plaintiff's lease with 7-Eleven. The definition of the word "cook" encompasses the preparation of food for eating by means of heat (*see* Webster's Third New International Dictionary, Unabridged, cook, available at http://unabridged.merriam-webster.com). Therefore, there is a rational basis for defendant's conclusion that 7-Eleven planned to use the premises for cooking, a prohibited use. Indeed, a clearly articulated and rational purpose behind the "no cooking" provision set forth in the bylaws is for the benefit of the condominium and the unit owners to the extent it is intended to "prevent vermin and rodent infestation and odors permeating the property."

Plaintiff's argument that Supreme Court erred by denying its motion, made in the alternative, for an order compelling

discovery under CPLR 3124, is rendered moot by our affirmance herein of the dismissal of the whole cause of action.

Finally, Supreme Court correctly denied that branch of defendant's cross motion for summary judgment on the counterclaim seeking legal fees. Moreover, upon the search of the record, we find that plaintiff is not a "defaulting unit owner" under the plain language of section 19 (d) of the bylaws. We therefore grant plaintiff summary judgment dismissing defendant's counterclaim for legal fees. Concur—Andrias, J.P., Friedman, Renwick, DeGrasse and Abdus-Salaam, JJ.