OPINION OF THE COURT
Lucy Billings, J.
Petitioner seeks declaratory and injunctive relief regarding respondents’ conciliation, conference, and hearing procedures intended to resolve disputes over the imposition of sanctions against public assistance recipients charged with failing to comply with work requirements. Respondent Commissioner of the New York City Human Resources Administration moves to dismiss the petition on the grounds that it fails to state a claim, because petitioner’s claims are moot. (CPLR 3211 [a] [7]; 7804 [f].)
I. Facts
Petitioner and her two children have received public assistance since 2007. In June 2010, City respondent approved her participation in a medical billing training program. Concurrent with her academic training, City respondent assigned her to work in its medical assistance program office in New York County. The academic training included an internship at a physician’s office in New York County as well.
According to City respondent, it mailed petitioner a notice dated November 26, 2010 to attend a mandatory “Training Assessment” appointment on December 9, 2010. (Verified petition, exhibit O at 1.) The appointment was “for an interview to discuss your employment goals. At this appointment we will assess/reassess your marketable skills as well as your employment, training and educational needs so that appropriate activities, which include work experience, job search and approved educational training, can be assigned.” (Id.)
The parties agree that the address of this notice omitted petitioner’s apartment number. Respondents do not dispute that petitioner never received this notice or that, on December 9, 2010, she was at the assigned full-time internship.
Without recognizing these facts, however, after petitioner failed to attend the appointment, according to City respondent, it mailed her a conciliation notification dated December 26, 2010 to contact City respondent’s job center to explain why she did not report to or cooperate with the mandatory appointment on December 9, 2010. Again, the parties do not dispute that the address of this conciliation notification omitted petitioner’s apartment number or that petitioner never received this notice.
*567 Without further investigation or review of petitioner’s case record, which would have revealed the omission in the mailing address and her scheduled internship, City respondent mailed petitioner a notice of decision dated January 12, 2011 that her public assistance would be reduced. The reason for the reduction was that she “willfully and without a good reason failed or refused to comply with the requirement to keep an employment or work activity appointment.” (Verified petition, exhibit B at 2.) In response to the reduced assistance, petitioner requested an administrative hearing to challenge the reduction.
At the hearing, City respondent presented the notice of the appointment and the conciliation notification, each bearing the incomplete address; her “Work, Accountability, and You (WAY) Activity Inquiry” (verified petition, exhibit I); and her “Client Infraction History.” (Verified petition, exhibit J; aff of Stephanie A. Feinberg, exhibit 1 at 1.) Petitioner testified that she never received either notice, and, had she received the appointment notice, she would have notified City respondent that her full-time internship precluded her attendance at the scheduled appointment.
Nevertheless, respondent executive deputy commissioner of the New York State Office of Temporary and Disability Assistance upheld City respondent’s decision to reduce petitioner’s public assistance because petitioner willfully and without good cause had failed to attend the appointment on December 9, 2010. Even after petitioner commenced this proceeding, pointing out the incomplete address on City respondent’s mailings and her assigned work activity that conflicted with the scheduled appointment, City respondent twice acted to reduce her assistance due to appointment notices and conciliation notices mailed to an incomplete address.
II. Sanctions Based on the Failure to Attend an Appointment
All nonexempt public assistance recipients “must be engaged in work.” (Social Services Law § 335-b [5] [a]; see 18 NYCRR 385.2 [f].) To carry out this mandate, local social services districts assign recipients to work activities. (Social Services Law § 336; 18 NYCRR 385.9 [a].) Districts define “engaged in work” in their local plans. City respondent’s employment plan defines “engaged in work” as “[cjompliance with assessment, employment planning, all activities included in the individual’s Employment/Self-Sufficiency plan including . . . any of the work activities listed.” (Supp aff of Sienna Fontaine, exhibit F § 3.1.) The employment plan, as well as federal and state law, list as *568 signed and approved educational activities and internships as allowable work activities. (Id. § 3.4 [a]; 42 USC § 607 [d] [4]-[5], [8]-[11]; Social Services Law § 336 [1]; 18 NYCRR 385.9 [a] [8]-[ll], [14]; [b] [4].) Recipients who willfully and without good cause (Social Services Law § 341 [1] [a]; 18 NYCRR 385.11 [a] [4] [i]) fail to participate in assessments and employability plans are subject to reductions of public assistance. (Social Services Law §§ 335 [3]; 342; 18 NYCRR 385.6 [a]; 385.12.)
Petitioner claims her nonreceipt of the appointment notice and her full-time internship that precluded her attendance at the scheduled appointment did not constitute noncompliance with assessment, employment planning, and work activities, even if unwillful and with good cause. She claims that, as long as she was complying with all her assigned and approved work activities such as her full-time internship, her failure to attend an appointment did not amount to noncompliance, albeit excusable noncompliance.
The governing state statutes and regulations, however, require “[c]ompliance with assessment, employment planning, [and] . . . work activities.” (Fontaine supp aff, exhibit F § 3.1; see Social Services Law §§ 335 [3]; 335-b [5] [a]; 336, 342; 18 NYCRR 385.2 [f|; 385.6 [a] [7]; 385.9 [a]; 385.12.) Therefore, if the appointment was for assessment or employment planning, it demanded petitioner’s compliance along with her work activities.
Petitioner’s nonreceipt of the appointment notice and her full-time internship that precluded her attendance at the scheduled appointment on December 9, 2010 unquestionably established that her failure to attend the appointment was unwillful and with good cause. The current record, however, lacking even City respondent’s answer with its administrative record, is inadequate to determine (1) whether the appointment’s purpose demanded petitioner’s compliance; (2) whether compliance was required on December 9, 2010, taking priority over her internship, or would be permitted on a rescheduled date; or (3) how a public assistance recipient would be informed which appointment took priority. The notice of the appointment scheduled for December 9, 2010 indicated that it was for a mandatory “Training Assessment” and to discuss petitioner’s employment goals, “so that appropriate activities, which include work experience, job search and approved educational training, can be assigned.” (Verified petition, exhibit O at 1.) Although the Social Services Law and its implementing regulations *569 require compliance with “assessment” and “employment planning,” the current record reflects that petitioner’s training needs had been assessed, her employment goals had been developed, and she had been assigned work experience and approved educational training. (Fontaine supp aff, exhibit F § 3.1; see Social Services Law §§ 335 [3]; 335-b [5] [a]; 336, 342; 18 NYCRR 385.2 [f]; 385.6 [a] [7]; 385.9 [a]; 385.12.) The current record does not reflect any need for a reassessment or that the contemplated “discussion” of employment goals would constitute an assessment, or a reassessment, or employment planning.
In fact, petitioner was attending a mandatory training on December 9, 2010, for which she already had been assessed, and which was an assigned and approved educational activity: her internship at a physician’s office. (See Fontaine supp aff, exhibit F § 3.4 [a]; 42 USC § 607 [d] [1]; Social Services Law § 336 [1]; 18 NYCRR 385.9 [b] [4].) If she was participating in the employment plan already assessed for her, she was complying with employment requirements, and she raises a question in the first instance as to the need or reason for any further assessment.
In sum, failure to attend an appointment may constitute noncompliance with assessment, employment planning, and work activities, if the appointment is purposefully for assessment, employment planning, or work activities. In petitioner’s case, the record at this stage does not conclusively establish the purpose of the appointment petitioner failed to attend. In contrast, the record does establish, without dispute, that, at the same time, she was complying with her assigned and approved work activity and with the employment plan already assessed for her. Yet the current record discloses no procedure for her to reconcile this conflict.
III. Autoposting
City respondent’s repeated errors, which escaped State respondent’s review, resulted at least in part from a computerized system, known as “autoposting,” that automatically imposes a sanction reducing a recipient’s public assistance due to a failure to attend an employment or work activity appointment. City respondent thus takes adverse action without any employee or officer reviewing the recipient’s case record or investigating her case. 18 NYCRR 358-4.1 (a), however, requires that “[a] social services agency must review . . . actions to determine whether the action is correct based upon available evidence included in the applicant’s or recipient’s case record.” *570 According to 18 NYCRR 358-4.1 (b), only after that review of the case record is City respondent to send a notice of decision informing an applicant or recipient of the action to be taken, “[w]here it is determined that the intended action is correct after review, the social services agency must send to the applicant/ recipient a notice . . . .”
Thus, despite City respondent’s duty to ensure that its adverse actions are correct before taking them, its autoposting system triggers adverse action without its required review of the case record to assure that the action is in fact correct. Had City respondent undertaken its required review before mailing petitioner the January 2011 notice of decision that her public assistance would be reduced because she had “willfully and without a good reason failed ... to keep an employment or work activity appointment,” City respondent would have recognized that her failure was neither willful nor without good reason. (Verified petition, exhibit B at 1.) Her case record would have shown that City respondent had sent the appointment notice to an incomplete address and that the appointment conflicted with her assigned work activity.
It is difficult to conceive how City respondent’s answer and administrative record would alter the conclusion evident from the current record that City respondent’s autoposting system triggers adverse action without its required review of the case record to assure that the action is in fact correct, in violation of 18 NYCRR 358-4.1. Petitioner seeks declaratory and injunctive relief prohibiting City respondent’s use of autoposting to this effect, however, rather than the reversal pursuant to CPLR 7803 (3) or (4) of respondents’ decision to reduce her public assistance as a consequence of City respondent’s use of autoposting. (New York State Psychiatric Assn., Inc. v New York State Dept. of Health, 19 NY3d 17, 22 [2012]; Matter of New York State Superfund Coalition, Inc. v New York State Dept. of Envtl. Conservation, 18 NY3d 289, 292-293 [2011]; Yatauro v Mangano, 17 NY3d 420, 425 [2011]; Phillips v City of New York, 66 AD3d 170, 173 and n 2 [1st Dept 2009].) Therefore City respondent is entitled to answer before a final determination of this claim upon a motion for summary judgment or after an opportunity for disclosure and a trial. (E.g. CPLR 3211 [f|; 7804 [f]; Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs. of Nassau County, 63 NY2d 100, 102-103 [1984]; Matter of Camacho v Kelly, 57 AD3d 297, 298-299 [1st Dept 2008]; Develop Don’t Destroy Brooklyn v Empire State Dev. *571 Corp., 31 AD3d 144, 153 [1st Dept 2006]; see New York State Psychiatric Assn., Inc. v New York State Dept. of Health, 19 NY3d at 23; Yatauro v Mangano, 17 NY3d at 425; Matter of 10 W. 66th St. Corp. v New York State Div. of Hous. & Community Renewal, 184 AD2d 143, 148 [1st Dept 1992].)
IV. The Conciliation Notification and the Notice of Decision
Social Services Law § 341 (1) (a), regarding conciliation notices, and section 341 (1) (b), regarding notices of decision, require that each notice specify “the necessary actions that must be taken” by a public assistance recipient “to avoid a . . . reduction in public assistance benefits.” 18 NYCRR 385.11 (a) (2) (ii) requires that a conciliation notice notify a recipient of her right to provide reasons for “such failure or refusal to participate” in a work activity. While providing reasons for failing or refusing to participate in a work activity may avoid a reduction in assistance by establishing that the failure or refusal was unwillful or with good cause, establishing unwillfulness or good cause is not the only means to avoid a reduction in assistance. A recipient also may show, as petitioner maintains she does, that she did not fail or refuse to participate in her work activities at all. Therefore, 18 NYCRR 385.11 (a) (2) and City respondent’s conciliation notification and notice of decision (verified petition, exhibits B, P; Feinberg aff, exhibit 2), insofar as they omit that a showing of compliance with assessments, employment planning, and assigned work activities is action a public assistance recipient may take to avoid a reduction in assistance, violate Social Services Law § 341 (1) (a).
In fact the notice of decision used by City respondent does not even specify that providing reasons for failing or refusing to participate in a work activity is action a public assistance recipient may take to avoid a reduction in assistance, as such reasons may establish that the failure or refusal was unwillful or with good cause. Yet Social Services Law § 341 (1) (b) requires notices of decision, just as section 341 (1) (a) requires of conciliation notices, to specify “the necessary actions that must be taken” by a public assistance recipient “to avoid a . . . reduction in public assistance benefits.” Providing reasons for a recipient’s failure or refusal to participate in a work activity or showing that the recipient did not fail or refuse to participate in her work activities are the alternative means to avoid a reduction in assistance. City respondent’s notice of decision advises recipients of only the procedural steps to be taken, requesting a conference or hearing, and provides no information regarding *572 the substance of the evidence recipients must present to avoid a reduction in assistance.
A. Relief against City Respondent
Again, however, petitioner seeks declaratory and injunctive relief that would require prospective amendments to both 18 NYCRR 385.11 (a) (2), promulgated by State respondent, and the conciliation notification and notice of decision used by City respondent. She no longer seeks the reversal pursuant to CPLR 7803 (3) or (4) of respondents’ past decision to reduce her public assistance as a consequence of City respondent’s notices to her: the conciliation notification dated December 26, 2010, and the notice of decision dated January 12, 2011. While these notices and the December 2011 conciliation notifications to petitioner that City respondent also presents omitted the necessary information, City respondent is entitled to answer and potentially to present more recent amended notices specifying the necessary information, before a final determination of this claim upon a motion for summary judgment or after a trial. (E.g. CPLR 3211 [f]; 7804 [f]; Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs. of Nassau County, 63 NY2d at 102-103; Camacho v Kelly, 57 AD3d at 298-299; Develop Don’t Destroy Brooklyn v Empire State Dev. Corp., 31 AD3d at 153; see New York State Psychiatric Assn., Inc. v New York State Dept. of Health, 19 NY3d at 23; Yatauro v Mangano, 17 NY3d at 425; 10 W. 66th St. Corp. v New York State Div. of Hous. & Community Renewal, 184 AD2d at 148.)
B. Relief against State Respondent
State respondent, on the other hand, has answered and has not sought disclosure. In contrast to what a developed record might show regarding the use of autoposting, it is inconceivable how further development of the record would show 18 NYCRR 385.11 (a) (2), in 2010 or since, requiring that a conciliation notice notify a recipient of her right to show compliance with assessments, employment planning, and assigned work activities, to avoid a reduction in assistance. Therefore the court treats the petition’s claim regarding 18 NYCRR 385.11 (a) (2) as a motion for summary judgment and, based on the undisputed admissible evidence pertinent to this claim, grants petitioner partial judgment as follows. (CPLR 409 [b]; New York State Psychiatric Assn., Inc. v New York State Dept. of Health, 19 NY3d at 23; Yatauro v Mangano, 17 NY3d at 425; Matter of Hotel 71 Mezz *573 Lender, LLC, v Rosenblatt, 64 AD3d 431, 432 [1st Dept 2009]; People v Park Ave. Plastic Surgery, P.C., 48 AD3d 367 [1st Dept 2008]; see 1091 Riv. Ave. LLC v Platinum Capital Partners, Inc., 82 AD3d 404 [1st Dept 2011]; Karr v Black, 55 AD3d 82, 86 [1st Dept 2008]; Chadbourne & Parke, LLP v AB Recur Finans, 18 AD3d 222 [1st Dept 2005]; 10 W. 66th St. Corp. v New York State Div. of Hous. & Community Renewal, 184 AD2d at 148.)
The court declares and adjudges that 18 NYCRR 385.11 (a) (2), insofar as it omits that a showing of compliance with assessments, employment planning, and assigned work activities is action a public assistance recipient may take to avoid a reduction in assistance, violates Social Services Law § 341 (1) (a). (CPLR 3001.) State respondent shall amend 18 NYCRR 385.11 (a) (2) to require that a conciliation notice notify a recipient of her right to show compliance with assessments, employment planning, and assigned work activities. (CPLR 3212 [b], [e]; see McCain v Koch, 70 NY2d 109, 118 [1987]; Likokas v 200 E. 36th St. Corp., 48 AD3d 245 [1st Dept 2008]; Blutreich v Amalgamated Dwellings, Inc., 46 AD3d 352, 353 [1st Dept 2007]; Finegan Family, LLC v 77 Horatio St. Condominium, 38 AD3d 365, 366 [1st Dept 2007].)
In addition to having promulgated the regulation, State respondent has approved the conciliation notification and notice of decision used by City respondent. Although City respondent’s answer with its administrative record or ensuing disclosure conceivably may show an amended conciliation notification and notice of decision since the notices used in December 2010 and January 2011, State respondent’s approval of those past notices that violated Social Services Law § 341 (1) is grounds for the declaratory and injunctive relief petitioner seeks. (CPLR 3001; Big Four LLC v Bond St. Lofts Condominium, 94 AD3d 401, 402-403 [1st Dept 2012]; Mt. McKinley Ins. Co. v Corning Inc., 33 AD3d 51, 57-58 [1st Dept 2006]; United States Fire Ins. Co. v American Home Assur. Co., 19 AD3d 191, 192 [1st Dept 2005]; 319 McKibben St. Corp. v General Star Natl. Ins. Co., 245 AD2d 26, 29-30 [1st Dept 1997]; see Thome v Alexander & Louisa Calder Found., 70 AD3d 88, 99-100 [1st Dept 2009]; Long Is. Light. Co. v Allianz Underwriters Ins. Co., 35 AD3d 253 [1st Dept 2006].) Therefore the court also treats the petition’s claim regarding State respondent’s approval of City respondent’s deficient notices as a motion for summary judgment and, based on the undisputed admissible evidence pertinent to this claim, grants petitioner partial judgment as follows. (CPLR 409 [b]; *574 New York State Psychiatric Assn., Inc. v New York State Dept. of Health, 19 NY3d at 23; Yatauro v Mangano, 17 NY3d at 425; Matter of Hotel 71 Mezz Lender, LLC v Rosenblatt, 64 AD3d at 432; People v Park Ave. Plastic Surgery, P.C., 48 AD3d 367 [2008]; see 1091 Riv. Ave. LLC v Platinum Capital Partners, Inc., 82 AD3d 404 [2011]; Karr v Black, 55 AD3d at 86; Chadbourne & Parke, LLP v AB Recur Finans, 18 AD3d 222 [2005]; 10 W. 66th St. Corp. v New York State Div. of Hous. & Community Renewal, 184 AD2d at 148.)
The court declares and adjudges that, insofar as City respondent’s conciliation notification and notice of decision omit that a showing of compliance with assessments, employment planning, and assigned work activities is action a public assistance recipient may take to avoid a reduction in assistance, State respondent has approved notices that violate Social Services Law § 341 (1) (a). (CPLR 3001.) State respondent shall disapprove conciliation notices and notices of decision that fail to notify a recipient of her right to show compliance with assessments, employment planning, and assigned work activities. (CPLR 3212 [b], [e]; see McCain v Koch, 70 NY2d at 117-118; Likokas v 200 E. 36th St. Corp., 48 AD3d 245 [2008]; Blutreich v Amalgamated Dwellings, Inc., 46 AD3d at 353; Finegan Family, LLC v 77 Horatio St. Condominium, 38 AD3d at 366.)
C. Petitioner’s Request for Further Relief Concerning the Conciliation Notification and the Notice of Decision
Social Services Law § 341 (1) requires only that conciliation notices and notices of decision specify “the necessary actions that must be taken” by a public assistance recipient “to avoid a . . . reduction in public assistance benefits.” (1) Providing reasons for failing or refusing to participate in a work activity that establish the failure or refusal was unwillful or with good cause and (2) showing the absence of any failure or refusal to participate in a work activity are two types of action a recipient may take to avoid a reduction in assistance.
Petitioner maintains that another type of action a recipient may take to avoid a reduction in assistance, after a recipient has in fact failed or refused to participate in a work activity, is to participate in the missed work activity prospectively. Allowing a recipient to make up a missed appointment or to perform extra assignments to compensate for a single instance of noncompliance well might be a simpler, more efficient procedure than the current complicated mechanisms for imposing *575 sanctions when recipients are charged with a single instance of failing to comply with work requirements. The court finds no prohibition in state or federal statutes or regulations against such a simpler, more efficient procedure.
Nevertheless, nothing in Social Services Law § 341 (1) or other state or federal law requires respondents to allow a public assistance recipient to participate in a missed work activity prospectively to avoid a reduction in assistance after a recipient has failed or refused to participate in a work activity. As discussed above, a single missed appointment constitutes noncompliance with work requirements, if the appointment is in fact for assessment, employment planning, or work activities. In fact, Social Services Law § 335 (3) and 18 NYCRR 385.6 (a) (7) specifically subject recipients who fail or refuse to participate in assessments and employability plans to reductions in assistance.
When a recipient is charged with missing an appointment, she may avoid a reduction in assistance by showing that she did not miss the appointment, that she did not miss it willfully, or that she missed it for an acceptable reason. Therefore the court grants City respondent’s motion to dismiss petitioner’s claim that its conciliation procedures and conference procedures after a notice of decision violate Social Services Law § 341 (1) by not allowing a public assistance recipient to participate in work activities prospectively to avoid a reduction in assistance after a failure or refusal to participate. (CPLR 3211 [a] [7]; 7804 [f].)
State respondent’s answer also objects that, insofar as petitioner claims State respondent has violated Social Services Law § 341 (1) by approving conciliation and conference procedures that do not allow a recipient to participate in work activities prospectively to avoid a reduction in assistance after a failure or refusal to participate, she fails to state a claim on which relief may be granted. (State respondent’s verified answer ¶¶ 69-82.) Therefore the court also dismisses this claim against State respondent. (CPLR 3211 [a] [7]; 7804 [f].)
V The Declaratory and Injunctive Relief Granted and the Further Declaratory and Injunctive Relief Sought are Not Moot
Despite the evidence of notices omitting petitioner’s apartment number and her testimony of nonreceipt, explaining that notice of the appointment would have prompted her to respond that it conflicted with her assigned work activity, State respondent failed to recognize the incomplete address, understand petitioner’s nonreceipt of the notices, or appreciate the conflict. *576 Nor did any of respondents’ employees or officers, at any point in the review process, examine petitioner’s record of work activity, cooperation with respondents’ work requirements, and efforts to secure employment. Respondents’ administrative review process afforded petitioner no remedy. Even had State respondent’s administrative hearing process ultimately corrected City respondent’s errors, that process is not a substitute for City respondent’s adherence to the required case review procedure in the first instance. (Matter of Benjamin v McGowan, 275 AD2d 290, 292 [1st Dept 2000]; see People v David W., 95 NY2d 130, 140 [2000].)
Only after petitioner commenced this proceeding, and due to the intervention of City respondent’s attorney, did anyone detect or correct the incomplete address on the mailings and reverse the resulting reduction of petitioner’s public assistance. State respondent amended the post-hearing decision to direct City respondent to withdraw the notice of decision dated January 12, 2011, delete the sanction from petitioner’s case record, and restore to petitioner the public assistance she had lost as a result of the reduction in assistance, with which City respondent complied. On these grounds, City respondent maintains this action is moot, and petitioner is not entitled to declaratory and injunctive relief.
Between February and October 2011, petitioner was deprived of $2,008 or $251 per month in assistance intended to meet basic needs. The withdrawal of the decision to sanction petitioner and restoration of her benefits do not remedy respondents’ procedures to which, as an ongoing public assistance recipient required to comply with work requirements, she continually will be subjected and which are just as likely to lead to an erroneous reduction of her assistance as those procedures did previously.
The withdrawn sanction and restored benefits do not resolve whether the future appointments petitioner will be notified to attend will be invariably for assessment related to employment goals, employment planning, or a work activity, demanding her compliance, and, if the appointments conflict with her daily scheduled work activity, how that conflict is to be addressed. The withdrawn sanction and restored benefits do not remedy City respondent’s autoposting system that triggers adverse action without the required review of the case record to assure that the action is in fact correct, in violation of 18 NYCRR 358-4.1. The withdrawn sanction and restored benefits do not remedy *577 the omissions in 18 NYCRR 385.11 (a) (2) and City respondent’s conciliation notification and notice of decision that a showing of compliance with assessments, employment planning, and assigned work activities is action a public assistance recipient may take to avoid a reduction in assistance, in violation of Social Services Law § 341 (1). Respondents have provided no remedy for the total omission of information regarding the substance of evidence a recipient must present to avoid a reduction in assistance and thus no assurance that petitioner will fare any better were she to challenge a notice of decision at a hearing in the future. (See Coleman v Daines, 19 NY3d 1087, 1090 [2012]; City of New York v Maul, 14 NY3d 499, 507 [2010]; Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 812 [2003]; Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713-714 [1980].)
There is a genuine dispute between petitioner and respondents as to whether respondents are legally required to change any of these procedures. (Allen v Blum, 58 NY2d 954, 956 [1983]; New York Pub. Interest Research Group v Carey, 42 NY2d 527, 530 [1977].) The specific evidentiary facts that the verified petition and its exhibits set forth demonstrate entitlement to a declaratory judgment. (CPLR 3001; Big Four LLC v Bond St. Lofts Condominium, 94 AD3d at 402-403; Mt. McKinley Ins. Co. v Corning Inc., 33 AD3d at 57-58; United States Fire Ins. Co. v American Home Assur. Co., 19 AD3d at 192; 319 McKibben St. Corp. v General Star Natl. Ins. Co., 245 AD2d at 29-30; see Ahead Realty LLC v India House, Inc., 92 AD3d 424, 425 [1st Dept 2012]; Thome v Alexander & Louisa Colder Found., 70 AD3d at 99-100; Long Is. Light. Co. v Allianz Underwriters Ins. Co., 35 AD3d at 254.) The court’s determination of the issues raised will affect petitioner’s interests and rights concerning (1) attendance at appointments required to continue her assistance, (2) adverse action only after review of her case record to assure that the action is correct, and (3) notices advising her of the alternative evidence that may avoid a reduction in assistance. (Coleman v Daines, 19 NY3d at 1090; City of New York v Maul, 14 NY3d at 507; Saratoga County Chamber of Commerce v Pataki, 100 NY2d at 812; Allen v Blum, 58 NY2d at 956; see Hearst Corp. v Clyne, 50 NY2d at 713-714; New York Pub. Interest Research Group v Carey, 42 NY2d at 530-531; Matter of Crumpley v Wack, 212 AD2d 299, 303 [1st Dept 1995].) If these issues are not resolved, and respondents are not enjoined to conform their procedures to legal requirements, petitioner is *578 just as likely to suffer the same irreparable deprivation of monthly assistance on which she relies to meet basic needs as those procedures previously caused. (Coleman v Daines, 19 NY3d at 1090; McCain v Koch, 70 NY2d at 117; Tucker v Toia, 43 NY2d 1, 8-9 [1977].)
Only if petitioner is capable of pursuing an appeal all the way to court and fortunate enough to encounter an opposing attorney who uncovers respondents’ errors, will she even receive relief many months later. Respondents’ current procedures do not resolve a pointless mandatory appointment or even a purposeful mandatory appointment that conflicts with another mandatory work activity. City respondent’s autoposting does not permit detection of an erroneous decision. Respondents’ notices do not adequately inform a sanctioned recipient of the evidence she may present to correct an erroneous decision.
Insofar as City respondent’s attorney intervened, and respondents ultimately detected and corrected their errors, withdrew their decision to sanction petitioner, and restored her benefits, absent a resolution of the substantial, unresolved issues outlined above, similar errors and harms are likely to recur. Yet if such corrections by respondents are considered as rendering the issues moot, they will constantly evade judicial review. These circumstances warrant judicial review even if respondents have rendered moot the issues petitioner raises. (Coleman v Daines, 19 NY3d at 1090; City of New York v Maul, 14 NY3d at 507; Hearst Corp. v Clyne, 50 NY2d at 714-715; see Saratoga County Chamber of Commerce v Pataki, 100 NY2d at 814.)
VI. Conclusion
Since petitioner seeks relief beyond reversal of respondents’ administrative decision, the parties may rely on evidence in and beyond respondents’ administrative records. Therefore summary disposition of this action in large part is unwarranted, except upon a motion for summary judgment after all parties have answered and the opportunity for any disclosure that potentially may defeat a summary disposition. (See CPLR 3212 [f].) Insofar as the court has determined that a summary disposition of discrete issues is warranted, if any party maintains that a fuller record may support a different result, that party may move for a plenary disposition of that issue. (Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs. of Nassau County, 63 NY2d at 102-103; Camacho v Kelly, 57 AD3d at 298-299.)
To recapitulate, the court grants respondent Doar’s motion to dismiss the petition only to the extent of dismissing the claim *579 that Doar’s conciliation and conference procedures violate Social Services Law § 341 (1) by not allowing a public assistance recipient to participate in work activities prospectively to avoid a reduction in assistance after a failure or refusal to participate. The court otherwise denies the motion. The court also dismisses the petition against respondent Berlin to the extent that petitioner claims Berlin has violated Social Services Law § 341 (1) by approving conciliation and conference procedures that do not allow a recipient to participate in work activities prospectively to avoid a reduction in assistance after a failure or refusal to participate. (CPLR 3211 [a] [7]; 7804 [f].)
Respondent Doar shall serve any answer to the reminder of the petition within 20 days after service of this order with notice of entry. {See CPLR 3012 [a]; 3211 [f]; 7804 [c], [e].) Petitioner shall serve any reply within 20 days after service of an answer. (See CPLR 3012 [a]; 7804 [c], [d].)
The court grants the petition against respondent Berlin to the following extent. The court declares and adjudges that 18 NYCRR 385.11 (a) (2), insofar as it omits that a showing of compliance with assessments, employment planning, and assigned work activities is action a public assistance recipient may take to avoid a reduction in assistance, violates Social Services Law § 341 (1) (a). (CPLR 3001.) Respondent Berlin shall amend 18 NYCRR 385.11 (a) (2) to require that a conciliation notice notify a recipient of her right to show compliance with assessments, employment planning, and assigned work activities. (CPLR 3212 [b], [e].) The court declares and adjudges that, insofar as respondent Doar’s conciliation notification and notice of decision omit that a showing of compliance with all assessments, employment planning, and assigned work activities is action a public assistance recipient may take to avoid a reduction in assistance, respondent Berlin has approved notices that violate Social Services Law § 341 (1). (CPLR 3001.) Respondent Berlin shall disapprove conciliation notices and notices of decision that fail to notify a recipient of her right to show compliance with assessments, employment planning, and assigned work activities. (CPLR 3212 [b], [e].)