Liberty on Warren LLC v Dragon Estates Condo (2019 NY Slip Op 03666)





Liberty on Warren LLC v Dragon Estates Condo


2019 NY Slip Op 03666


Decided on May 9, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2019

Sweeny, J.P., Gische, Tom, Gesmer, Singh, JJ.


650530/15 9254 9253

[*1]Liberty on Warren LLC, et al., Plaintiffs-Appellants,
v
Dragon Estates Condo, et al., Defendants-Respondents.


Lawrence A. Omansky, New York, for appellants.
Braverman Greenspun, P.C., New York (Andreas E. Theodosiou of counsel), for Dragon Estates Condo, Board of Directors of Dragon Estates Condo and Steven Harris, respondents.
Martin S. Kera, respondent pro se.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered June 21, 2016, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion for summary judgment on its causes of action for tortious interference, fraud and negligent misrepresentation, and breach of contract, and granted defendants' cross motions for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs. Order, same court and Justice, entered August 18, 2017, to the extent it denied plaintiffs' motion for renewal, unanimously affirmed, without costs, and appeal therefrom otherwise dismissed as taken from a nonappealable order.
Plaintiff unit owners in defendant Dragon Estates Condo brought this action against the condominium board of managers and its individual members after a prospective purchaser cancelled contracts of sale for their units.
The record demonstrates that neither the board of directors of the condominium nor its individual members intentionally procured the prospective purchaser's cancellation of the contracts of sale (see Lama Holding Co. v Smith Barney, 88 NY2d 413, 424 [1996]). Plaintiffs argue that the board illegally sought to restrict the permitted uses for the units. However, the board merely asserted that the restrictions in the condominium declaration would prohibit the units' use as a rehearsal studio. Moreover, there is no evidence that individual board members breached their fiduciary duties to plaintiffs so as to permit judicial inquiry into the board's business judgment (see Aridas v 244 E. 60th St. Owners Corp., 292 AD2d 325, 326 [1st Dept 2002]).
The record demonstrates that defendants cannot be held liable for fraudulent misrepresentation (see Lama Holding Co., 88 NY2d at 421). Plaintiffs contend that certain alleged comments of the managing agent about the sponsor's principal were fraudulent or negligent and that the prospective purchaser relied on these comments in cancelling the contracts of sale. However, the comments were made before the prospective purchaser entered into the contracts. On appeal, plaintiffs contend that the fraudulent misrepresentation was that the units could not be used as a dance studio, as proposed by the prospective purchaser. However, as indicated, the record shows that the board merely pointed out the prohibition in the condominium declaration against the units' use as a rehearsal studio — an accurate characterization of governing documents.
The record demonstrates that the board's refusal to incorporate plaintiffs' proposed changes to the application for the certificate of occupancy did not breach any of the governing documents but resulted from a good faith exercise of reasonable business judgment (see Big Four LLC v Bond St. Lofts Condominium, 94 AD3d 401, 403 [1st Dept 2012], lv denied 19 NY3d 808 [*2][2012]). The record also shows that the governing documents did not require the board to permit the commercial unit owner's licensees to use the residential corridor.
On renewal, plaintiffs properly submitted new facts unavailable at the time of the original motion (see CPLR 2221[e][2]). However, the evidence that the board approved a lease between another unit and the same dance studio franchise that plaintiffs' prospective purchaser intended to operate does not change the prior determination (id.). The board submitted evidence that the other unit owner did not make the same request for public assembly egress through the residential corridor that plaintiffs' prospective purchaser required or demand changes to the certificate of occupancy, as plaintiffs did, and that the restriction on operating a rehearsal studio was articulated to the other unit's tenant and the tenant agreed to the terms.
No appeal lies from an order that denies leave to reargue (see CPLR 5701[a][2][viii]).
We have considered plaintiffs' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 9, 2019
CLERK