■ Gerald Platovsky et al., Appellants, v City of New York et al., Respondents, and Cumberland Hospital et al., Defendants. [605 NYS2d 368] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated September 6, 1991, as (1) upon granting the branch of the plaintiffs' motion which was for "renewal, reargument, and reconsideration" of an order of the same court dated April 12, 1991, adhered to the original determination granting the motion of the defendants City of New York and New York City Health and Hospitals Corporation for summary judgment dismissing the complaint, and (2) denied the branch of their motion which was to compel certain discovery.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendants' motion for summary judgment is denied, the complaint is reinstated, and the defendants are directed to comply with the pre-calendar conference order dated October 11, 1988.

On January 2 to 3, 1982, the injured plaintiff, a second-year medical resident, was "on call" at Cumberland Hospital and was therefore sleeping in an "on call room" on the seventh floor assigned to him by the hospital. At about 6:00 A.M. on January 3, 1989, the injured plaintiff left the on-call room to check on the condition of a patient who was on the fourth

floor. He was stabbed by an intruder in the stairway between the sixth and seventh floors.

On appeal, the plaintiffs contend that a proprietary duty to take minimal security measures was owed to the injured plaintiff by the defendants and that there was a special relationship between the defendants and the injured plaintiff.

When the liability of a governmental entity is at issue, it is the specific act or omission out of which the injury is claimed to have arisen and the capacity in which that act or failure to act occurred which governs liability, not whether the agency involved is engaged generally in proprietary activity or is in control of the location in which the injury occurred (*Weiner v Metropolitan Transp. Auth.,* 55 NY2d 175, 182). Here the act complained of constitutes a proprietary function when performed by the City, not a governmental function (*see, Miller v State of New York,* 62 NY2d 506).

We find that the plaintiffs' allegations contain sufficient evidence to raise a triable issue of fact as to whether the defendants breached their duty to take minimal precautions to protect the injured plaintiff, whether the defendants could have reasonably foreseen the attack which took place at the premises, and whether the defendants' negligence, if any, was a substantial cause of the events which produced the injury (*see, Jacqueline S. v City of New York,* 81 NY2d 288; *Miller v State of New York,* 62 NY2d 506, *supra; Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507).

In light of our decision, we direct the defendants to comply with the Supreme Court's pre-calendar conference order dated October 11, 1988. Bracken, J. P., Miller, O'Brien and Pizzuto, JJ., concur.