■ DARRYL WASHINGTON, Individually and as Administrator of the Estate of MICHELLE RYE-WASHINGTON, Deceased, Respondent, v MONTEFIORE MEDICAL CENTER et al., Appellants, et al., Defendants. [780 NYS2d 322]—

Order, Supreme Court, Bronx County (Anne E. Targum, J.), entered July 15, 2003, which denied the motion of defendant Burns International Security Services and the cross motion of defendant Montefiore Medical Center for summary judgment

dismissing the complaint and all cross claims as against them, unanimously affirmed, without costs.

Plaintiff's decedent was fatally stabbed at her workplace, premises owned by nonparty Yeshiva University and leased from Yeshiva by defendant Montefiore Medical Center. Defendant Burns provided security services at the subject premises pursuant to a contract. Although Montefiore maintains that it did not, as a mere lessee, undertake premises security responsibilities and that such responsibilities remained with the landlord, the record, which does not contain the governing lease, does not permit that conclusion. Similarly, in the absence of the contract pursuant to which Burns was at the time of the incident retained to provide security services at the premises, no conclusion can be drawn as to whether parties such as plaintiff's decedent, who worked upon the premises, were intended third-party beneficiaries of Burns' contractual undertaking (*see Colbourn v ISS Intl. Serv. Sys., Inc.*, 304 AD2d 369 [2003]). Nor is the action as against either of the movants otherwise amenable to summary judgment dismissal. Evidence of prior "physical" incidents on the premises, and, indeed, a prior incident in which decedent's assailant had been removed from the premises for harassing female staff, raised triable issues as to the adequacy of the measures taken to secure the premises against predation by intruders, and more specifically, whether there was an adequate security response when the decedent's assailant was observed loitering on the premises shortly before the fatal attack. Triable issues are also raised as to whether defendants' negligence, if any, was a substantial cause of the decedent's harm (*see Rivera v Bukolla Props.*, 291 AD2d 201 [2002]; *and see Platovsky v City of New York*, 199 AD2d 373 [1993]). Concur—Saxe, J.P., Ellerin, Williams, Lerner and Sweeny, JJ.