■ ATLANTIC MUTUAL INSURANCE COMPANY et al., Appellants-Respondents, v JOYCE INTERNATIONAL, INC., Respondent-Appellant, and STREATER, INC., Trading as STREATER STORE FIXTURES, Respondent, et al., Defendant. [820 NYS2d 12]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered April 21, 2005, which granted in part and denied in part plaintiffs' motion for summary judgment, granted the cross motion of defendant Joyce International, Inc. to the extent of directing limited discovery, and granted the cross motion of defendant Streater, Inc. to dismiss the complaint as against it, unanimously modified, on the facts and in the exercise of discretion, the cross motion of Streater, Inc. denied, the complaint as asserted against Streater, Inc. reinstated, and otherwise affirmed, without costs.

In this action to recover insurance premiums allegedly due from defendants insureds under four workers' compensation retrospective premium insurance policies, summary judgment on plaintiffs insurers' second through fifth causes of action was properly denied since plaintiffs failed to support their motion with the documentation, invoices and other evidence necessary to establish that the retrospective premiums had been accurately computed (*cf. Commissioners of State Ins. Fund v Beyer*

*Farms, Inc.*, 15 AD3d 273 [2005], *lv denied* 5 NY3d 707 [2005]). Plaintiffs' motion was, however, properly granted insofar as it sought dismissal of the affirmative defenses and counterclaims alleging breach of the implied covenant of good faith and fair dealing (*see id.*) and breach of fiduciary duty (*see Batas v Prudential Ins. Co. of Am.*, 281 AD2d 260, 264 [2001]).

The cross motion for discovery was properly granted insofar as it sought evidence bearing upon the accuracy of the disputed premiums (*see Roman Catholic Church of Good Shepherd v Tempco Sys.*, 202 AD2d 257 [1994]).

Supreme Court, however, improvidently exercised its discretion in granting the cross motion of defendant Streater, Inc., which was for dismissal of the complaint as against it on the ground that plaintiffs failed to seek a default judgment within one year of Streater's default. CPLR 3215 (c) provides, in pertinent part, that: "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court . . . shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed." The "default" upon which Streater's cross motion was predicated was its failure to answer the amended complaint, which was served less than one month after the original complaint was served on April 5, 2002 (*see Hoppenfeld v Hoppenfeld*, 220 AD2d 302, 303 [1995]). Even assuming that plaintiffs did not mistakenly believe that Streater's answer, dated June 28, 2002, pertained to the amended complaint, plaintiffs did not abandon this multiparty action and Streater was not prejudiced by plaintiffs' failure to seek a default judgment against it (*see Hinds v 2461 Realty Corp.*, 169 AD2d 629 [1991]; *Byk-Chemie GmbH v Efka Chems.*, 161 AD2d 196 [1990]).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Andrias, J.P., Saxe, Sullivan, Williams and McGuire, JJ.