■ RAMON MEJIA-ORTIZ, Appellant, v GAVIN R. INOA et al., Respondents. [895 NYS2d 816]—

Order, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered September 30, 2009, which denied plaintiff's CPLR 3215 motion for a default judgment as against defendant Santos Brown-Grey and dismissed the complaint with prejudice, unanimously affirmed, without costs.

Plaintiff failed to take proceedings for the entry of judgment within one year after the default. Defendant Brown-Grey was purportedly served with the summons and complaint via the Secretary of State on January 23, 2007 (see Vehicle and Traffic Law § 253). Accordingly, defendant's last day to answer was February 22, 2007 (see CPLR 3012 [c]) and the default occurred the following day, February 23, 2007. Plaintiff moved for a default judgment against defendant Brown-Grey by notice of motion dated July 13, 2009. Thus, by moving almost 2½ years after the default, plaintiff failed to take proceedings for the entry of judgment within one year after the default (see Butindaro v Grinberg, 57 AD3d 932, 932-933 [2008]; Kay Waterproofing Corp. v Ray Realty Fulton, Inc., 23 AD3d 624, 625 [2005]; Skeete v Bell, 292 AD2d 371 [2002]).

We find that the motion court did not improvidently exercise its discretion in finding that plaintiff failed to demonstrate a reasonable excuse for his delay (see Opia v Chukwu, 278 AD2d 394 [2000]). Counsel's explanation for the delay in moving for the default is that his office staff failed to track the case properly. In addition, there was no submission of a personal affidavit of merit or verification of the complaint by plaintiff (see CPLR 3215 [f]; Beltre v Babu, 32 AD3d 722 [2006]; Feffer v Malpeso, 210 AD2d 60 [1994]). Concur—Friedman, J.P., Catterson, McGuire, Acosta and Renwick, JJ.