[993 NYS2d 439]

AMERICAN TRANSIT INSURANCE COMPANY, Plaintiff, v CHRISTINA CURRY et al., Defendants.

Supreme Court, New York County, October 8, 2013

**APPEARANCES OF COUNSEL**

*Law Offices of James F. Sullivan, P.C.*, New York City (*Giovanna Tuttolomondo* of counsel), for plaintiff.

*Law Offices of Robert E. Dash, P.C.*, Melville (*Melissa R. Abraham-Lofurno* of counsel), for Stand-Up MRI of the Bronx, P.C., defendant.

**OPINION OF THE COURT**

LUCY BILLINGS, J.

I. Background

Plaintiff moves for a default judgment against all defendants except Five Boro Psychological and Licensed Master Social Work

Services, PLLC, Lincoln Medical and Mental Health Center, New York City Health and Hospitals Corporation, Stand-Up MRI of the Bronx, P.C., and Transcare Ambulance Services. (CPLR 3215.) Plaintiff moves for summary judgment against Stand-Up MRI. (CPLR 3212 [b].) On each ground, against both Stand-Up MRI and the remaining nine defendants, plaintiff's motion seeks a judgment declaring that plaintiff owes no duty to compensate them pursuant to Insurance Law § 5103 for expenses incurred from a collision November 15, 2009, involving defendant Curry and a motor vehicle for which plaintiff issued an insurance policy. (CPLR 3001, 3212 [b]; 3215 [e].) For the reasons explained below, the court denies all the relief sought by plaintiff's motion.

Plaintiff bases both prongs of its motion on Curry's non-appearance for an examination under oath (EUO), to which plaintiff is entitled under the policy. (*See* 11 NYCRR 65-1.1 [d].) The policy's mandatory personal injury protection provisions condition the insurer's payment of a claim on "full compliance with the terms of this coverage." (*Id.*) Upon the insurer's request, "the eligible injured person or that person's assignee or representative shall . . . as may reasonably be required submit to examinations under oath . . . ." (*Id.*)

## II. Plaintiff Scheduled the EUO at Reasonably Convenient Times

11 NYCRR 65-3.5 (e) requires that an EUO be "held at a place and time reasonably convenient to the applicant" for insurance coverage. Plaintiff scheduled Curry's EUO at two different times on different days of the week, both during business hours. Although business hours may be inconvenient for applicants who work during those hours, section 65-3.5 (e) also required plaintiff to notify Curry, as it did, that she would be reimbursed for any earnings lost by complying with the EUO request. Plaintiff notified her further that, if she advised plaintiff that the scheduled time was in fact inconvenient, plaintiff would reschedule the EUO. In light of these available accommodations, and absent any notice from Curry that the scheduled time was inconvenient, the scheduling during business hours was reasonable.

## III. The Missing Evidence

Yet 11 NYCRR 65-3.5 (e) requires further that plaintiff's request for the EUO, to establish Curry's or her assignee's

claim, "must be based upon the application of objective standards so that there is specific objective justification supporting the use of such examination." Nowhere do plaintiff's admissible documents or its witnesses, including the claims representative assigned to defendants' claims for coverage and a supervisor of plaintiff's legal department, responsible for EUO requests, indicate any justification, need, or explanation for Curry's EUO. The director of plaintiff's special investigations unit (SIU) attests simply that it "was requested to conduct an investigation" of the motor vehicle collision in which Curry was involved. (Aff in support of Giovanna Tuttolomondo, exhibit J, ¶ 6.) "As part of SIU's investigation," an SIU investigator "attempted to examine the claimant, CHRISTINA CURRY, under oath." (*Id.*)

Moreover, even though only four months elapsed between when Curry provided her address on her application for insurance coverage and plaintiff mailed its EUO requests to that address, no witness attests that Curry did not notify plaintiff of an address change in the interim. Nor does plaintiff present any evidence that the applicant was notified of any obligation to inform the insurer of her change in address, particularly when she has assigned her rights to insurance benefits to her medical care providers and retains no more interest in obtaining benefits paid to her. This incomplete record leaves a question whether plaintiff mailed its EUO requests to Curry's current address and whether she ever received them.

More importantly, no witness attests to Curry's nonappearance at either of the scheduled EUOs. The director of plaintiff's SIU just lays the foundation for the admissibility of business records that he claims show her nonappearances. While these records may be admissible, plaintiff does not present them. The SIU director's recitation of their contents is hearsay. (*E.g. People v Joseph*, 86 NY2d 565, 570 [1995]; *Lapin v Atlantic Realty Apts. Co., LLC*, 48 AD3d 337, 338 [1st Dept 2008]; *Kane v Triborough Bridge & Tunnel Auth.*, 8 AD3d 239, 241 [2d Dept 2004]; *Wagman v Bradshaw*, 292 AD2d 84, 87-88 [2d Dept 2002]; *see Giordano v Berisha*, 45 AD3d 416, 417 [1st Dept 2007]; *Washington v Montefiore Med. Ctr.*, 9 AD3d 271, 272 [1st Dept 2004]; *Marina Towers Assoc. v National States Elec. Corp.*, 203 AD2d 49, 50 [1st Dept 1994].)

IV. Conclusion

The absence of justification for the EUO as required by 11 NYCRR 65-3.5 (e) and of admissible evidence that the eligible injured person Curry actually failed to appear for the EUOs

requested by plaintiff (*see* 11 NYCRR 65-1.1 [d]), precludes a summary declaratory judgment to plaintiff at this stage. (*Ahead Realty LLC v India House, Inc.*, 92 AD3d 424, 425 [1st Dept 2012]; *Thome v Alexander & Louisa Calder Found.*, 70 AD3d 88, 100-101 [1st Dept 2009]; *Long Is. Light. Co. v Allianz Underwriters Ins. Co.*, 35 AD3d 253, 254 [1st Dept 2006]; *see United States Fire Ins. Co. v American Home Assur. Co.*, 19 AD3d 191, 192 [1st Dept 2005]; *319 McKibben St. Corp. v General Star Natl. Ins. Co.*, 245 AD2d 26, 29-30 [1st Dept 1997].) Absent a showing of plaintiff's compliance with the governing regulation (11 NYCRR 65-3.5 [e]), and Curry's noncompliance with the regulations and policy (11 NYCRR. 65-1.1 [d]; 65-3.5 [e]), plaintiff has failed to present facts establishing its prima facie claim and thus a basis for summary judgment as sought against Stand-Up MRI (CPLR 3212 [b]; *JMD Holding Corp. v Congress Fin. Corp.*, 4 NY3d 373, 384 [2005]; *Chubb Natl. Ins. Co. v Platinum Customcraft Corp.*, 38 AD3d 244, 245 [1st Dept 2007]; *Atlantic Mut. Ins. Co. v Joyce Intl., Inc.*, 31 AD3d 352 [1st Dept 2006]), or a default judgment as sought against the nine other defendants. (CPLR 3215 [f]; *Manhattan Telecom. Corp. v H & A Locksmith, Inc.*, 21 NY3d 200, 203 [2013]; *Martinez v Reiner*, 104 AD3d 477, 478 [1st Dept 2013]; *Utak v Commerce Bank Inc.*, 88 AD3d 522, 523 [1st Dept 2011]; *Mejia-Ortiz v Inoa*, 71 AD3d 517 [1st Dept 2010].)

Consequently, the court denies plaintiff's motion for a default declaratory judgment and for a summary declaratory judgment. (CPLR 3001, 3212 [b]; 3215 [f].)