JPMC Specialty Mtge. LLC v Khan (2018 NY Slip Op 03915)





JPMC Specialty Mtge. LLC v Khan


2018 NY Slip Op 03915


Decided on May 31, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 31, 2018

Sweeny, J.P., Richter, Andrias, Kahn, Moulton, JJ.


380356/13 6745A 6745

[*1] JPMC Specialty Mortgage LLC formerly known as WM Specialty Mortgage, LLC, Plaintiff-Respondent,
v
Gary Khan, Defendant-Appellant, Howard Brandstein, et al., Defendants.


Gary Khan, appellant pro se.
Parker Ibrahim & Berg LLC, New York (Anthony Del Guercio of counsel), for respondent.



Orders, Supreme Court, Bronx County (Lucindo Suarez, J.), entered April 10, 2015, June 9, 2015, and on or about December 29, 2015, which, to the extent appealed from, denied defendant Khan's (defendant) motion to dismiss the complaint as against him as abandoned, and granted plaintiff's motion for a default judgment against him, denied defendant's motion to vacate the default judgment, without prejudice to renewal upon proper notice to all parties, and denied defendant's motion to renew plaintiff's motion for a default judgment and his motion to vacate the default, unanimously affirmed, without costs.
Plaintiff's diligence in prosecuting the action and engaging in discovery demonstrated an intent not to abandon the matter, and plaintiff offered a reasonable excuse for the delay in seeking a default judgment against defendant (see Brooks v Somerset Surgical Assoc., 106 AD3d 624, 625 [1st Dept 2013]). Defendant never claimed that he was prejudiced by the delay (see Atlantic Mut. Ins. Co. v Joyce Intl., Inc., 31 AD3d 352, 353 [1st Dept 2006]). Plaintiff established the merits of its action by producing the mortgage, the unpaid note, ownership of the note, and evidence of default (see Witelson v Jamaica Estates Holding Corp. I, 40 AD3d 284 [1st Dept 2007]).
Defendant failed to demonstrate a meritorious defense in support of vacatur of the default judgment (see Pena v Mittleman, 179 AD2d 607, 609 [1st Dept 1992]).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 31, 2018
CLERK