Country-Wide Ins. Co. v Delacruz (2022 NY Slip Op 03068)

Country-Wide Ins. Co. v Delacruz

2022 NY Slip Op 03068

Decided on May 10, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 10, 2022

Before: Renwick, J.P., Mazzarelli, Gesmer, González, JJ. 

Index No. 655596/18 Appeal No. 15912 Case No. 2021-01597 

[*1]Country-Wide Insurance Company, Plaintiff-Appellant,
v
Jeffrey Delacruz et al., Defendants, Healthway Medical Care P.C. et al., Defendants-Respondents.

Thomas Torto, New York, for appellant.
The Rybak Firm, PLLC, Brooklyn (Maksim Leyvi of counsel), for respondents.

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about February 4, 2021, which denied plaintiff's motion for summary judgment as against defendants Healthway Medical Care P.C., Acupuncture Now P.C., SB Chiropractic, P.C., and Jules Francois Parisien MD, unanimously affirmed, without costs.
This appeal concerns plaintiff Country-Wide Insurance Company's potential obligation to pay no-fault insurance benefits. Defendant Jeffrey Delacruz was the driver of a vehicle that was involved in a collision. The vehicle was covered by a no-fault insurance policy issued by Country-Wide. Delacruz assigned his right to collect no-fault benefits under that policy to his treating medical providers. Those providers applied for no-fault benefits from Country-Wide but were denied.
Country-Wide then brought this action for a declaratory judgment that it is not required to pay no-fault benefits to Delacruz or to the other defendants (all medical-provider assignees of Delacruz). Country-Wide moved for summary judgment on the ground that Delacruz's failure to appear for scheduled examinations under oath (EUOs) defeats coverage under the no-fault policy, and thus forecloses the medical providers' claim to benefits.
The court properly denied plaintiff's motion for summary judgment as premature (see CPLR 3212[f]). Plaintiff failed to provide a specific objective justification for requesting the examination under oath (EUO). Plaintiff's reason for the EUO is essential for defendants to oppose plaintiff's summary judgment motion and this fact is exclusively within the knowledge and control of the movant (11 NYCRR 65-3.5[e]; see Kemper Independence Ins. Co. v AB Med. Supply, Inc., 187 AD3d 671, 671 [1st Dept 2020]; American Tr. Ins. Co. v Jaga Med. Servs., P.C., 128 AD3d 441, 441 [1st Dept 2015]; cf. Allstate Ins. Co. v Pierre, 123 AD3d 618 [1st Dept 2014]; Interboro Ins. Co. v Clennon, 113 AD3d 596, 597 [2d Dept 2014]). Further, plaintiff concedes that it provided no response to defendants' discovery demands for the "specific objective justification" for its request that the injured claimant submit to an EUO.
We have considered and reject all of plaintiff's arguments that it is not required to provide claimants with the reason it requested the EUO. An insurer must affirmatively establish that it complied with the strict no-fault insurance claim procedures set forth in 11 NYCRR 65-3.5 (see generally PV Holding Corp. v Hank Ross Med., P.C., 188 AD3d 429, 430 [1st Dept 2020]). In the absence of any justification for the EUO, plaintiff has failed to establish, as a matter of law, that it complied with the governing regulations (11 NYCRR 65-3.5(e); AB Med. Supply at 671; Jaga Med. Servs. at 441; see also American Tr. Ins. Co. v Curry, 45 Misc 3d 171, 174-175 [Sup Ct, NY County 2013]).
The court properly rejected plaintiff's contention that defendants waived any claim as to the reasonableness of the EUO notices by failing to object upon receipt. [*2]In its EUO notices, plaintiff provided no justification for these defendants to object to. In any event, the regulation does not require defendants to lodge any objection to the justification within a specific timeframe. Westchester County Med. Ctr. v New York Cent. Mut. Fire Ins. Co. (262 AD2d 553, 555 [2d Dept 1999]) is inapposite. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 10, 2022